## DAY v. LOWN ET AL.

1. **Conveyance**: FRAUD AND UNDUE INFLUENCE. Facts considered which were held sufficient to establish the claim that a conveyance was without consideration, and was procured by fraud and undue influence.

2. ———: ———: EVIDENCE. Parol evidence is admissible to prove that the consideration is other and different from that stated in a deed.

3. ———: ———: STATUTE OF FRAUDS. The statute of frauds will not prevent the introduction of parol evidence to establish that a convey- ance was procured by fraud.

4. ———: ———: CREDITORS. A grantor is not deprived of relief from a conveyance fraudulently procured, on the ground that the conveyance was made to defraud creditors, unless it can be shown there are persons having a right or claim to the property which can be enforced.

*Appeal from Jackson District Court.*

TUESDAY, JUNE 10.

ACTION in equity to set aside a deed executed by the plaintiff whereby he conveyed certain real estate to the defendant Joseph Lown. There was a decree granting the relief asked. The defendants appeal.

*T. E. Elwood, Levi Keck* and *A. R. Cotton*, for appellants.

*G. L. Johnson* and *L. A. Ellis*, for appellee.

SEEVERS, J.—In November, 1873, the plaintiff conveyed to the defendant Lown, by warranty deed, the real estate in controversy, the expressed consideration being one thousand five hundred dollars. In November, 1878, Lown conveyed the premises to his co-defendants, Spencer and Knettle.

The conveyance to Lown is sought to be set aside on the following grounds: *First*, there was no consideration; *second*, it was temporary, and it was agreed the premises should be reconveyed to the plaintiff whenever he should request it;

Day v. Lown.

*third,* the plaintiff was of weak mind and imbecile; and, *fourth,* it was procured through fraud and undue influence.

The relief asked was resisted because—*First,* none of the grounds relied on ever existed; *second,* Lown purchased the premises and paid a valuable consideration therefor; *third,* conceding the existence of the grounds upon which relief was asked, they cannot be established by parol evidence; *fourth,* the conveyance was made to defraud creditors; and, *fifth,* Spencer and Knettle are purchasers for a valuable consideration, without notice.

We have read with care the pleadings, evidence and arguments of counsel, and the following briefly stated are the conclusions reached:

I.   The claim that Lown purchased and paid a valuable consideration for the real estate in controversy is unfounded.

1. CONVEY- His statement of the transaction is unreasonable,
ANCE: fraud and he is not corroborated. He does not pretend
and undue in- to have paid any part of the consideration when
fluence.
the deed was made, nor does he claim to have purchased on time.   But he testifies the plaintiff was indebted to him and the conveyance made in payment thereof.   He does not claim the indebtedness was evidenced by any writings which were delivered up.   It must have consisted of a book account, but none is exhibited or claimed to have been lost or destroyed. If there was an indebtedness it did not constitute the inducement or consideration of the conveyance.   The pretended purchase was made in 1873 and no possession taken or acts of ownership exercised or attempted, and no explanation of these facts given.   This, taken in connection with the fact that the plaintiff remained in possession, made improvements, paid the taxes and received the rents and profits, forces the conclusion that Lown, for several years after the conveyance, did not regard himself as the owner of the premises in controversy.

It is proper we should allude to what is claimed to be two acts of ownership exercised by Lown.   He was notified by

the owner of abutting premises to build a partition fence, and he and the plaintiff did so. This was done, we think, because he was the holder of the legal title, and he might become responsible if the fence was not properly built, and for no other reason. He also paid one dollar and eighty cents road taxes in 1877. This was done at a time when he was advised the plaintiff would take steps to enforce a reconveyance or set aside the deed. Why or for what reason he paid these taxes is not shown. This late zeal in this direction has a tendency to show he was clutching at trifles for the purpose of strengthening his claim to the premises, which he at that late day had concluded to set up.

We feel satisfied the defense interposed by Lown is devoid of merit.

II. The plaintiff was in possesson at the time Lown conveyed to his co-defendants. The latter, therefore, are chargeable with notice of his rights and equities. Their title depends upon the question whether the plaintiff is entitled to and can have, under the established rules prevailing in courts of equity, the relief asked. This question we now proceed to consider.

III. There was no consideration for the conveyance, but can the plaintiff be permitted to prove this by parol when a 2. ——: ——: consideration is recited in the deed for the purpose of avoiding it? That parol evidence is admissible to prove that the consideration is other and different from that stated in the deed is regarded as settled by a decided weight of authority. To say the least, this cannot be said as to the question under consideration. Deeming it unnecessary to determine the question, we content ourselves with stating it, it having been discussed by counsel.

IV. In the original petition the plaintiff asked a reconveyance on the ground the conveyance to Lown was a trust. This was abandoned in the amended petition. This question has been discussed by counsel, but as it is not in the case no determination thereof is made. It may be properly remarked

that if there was a trust it was express, and that it is doubtful whether it can be established by parol. Code, § 1934.

V. The conveyance cannot be set aside because the plaintiff was imbecile or of weak mind. There is a failure of proof in this respect. It is true the plaintiff had for some years been addicted to an excessive use of intoxicating liquors. To a degree his intellect was probably impaired, but not sufficiently so to warrant the setting aside the deed on this ground alone.

VI. The remaining ground of relief is fraud and undue influence. At the threshold of the discussion we are met 3. ——: ——: with the objection that parol evidence is in-
statute of
frauds. admissible because of the statute of frauds. That statute was enacted to prevent fraud. If the conveyance in question was procured through fraud, and the statute could be interposed to prevent its being established by parol, the effect of the statute would be to enable the defendant Lown to perpetrate and carry into effect his fraud instead of preventing him from so doing. It is a trite but true saying that fraud vitiates all contracts; and it may be shown by parol, notwithstanding the contract may be evidenced by writing, and the effect of the parol evidence may be to contradict or impeach it. Perry on Trusts, § 226, and authorities cited.

This brings us to the question whether fraud has been established. If the age of the plaintiff was proven it has escaped our attention, but we judge he was upward of forty years of age when he was married in 1865. Previous to that event, and subsequent to his divorce, which soon followed, he made his home, to some extent, with Lown. At least he was frequently there, and some considerable intimacy existed between them; otherwise, Lown and his family would not have taken care of him when he came and made himself disgusting by his filthy habits and conduct.

On the day preceding that on which the deed was executed the plaintiff came to Lown's house, and he testifies, in reply

to a question, as to what Lown said to him about the deed: "Well, the woman talked of coming down ; my wife—used to be my wife—com ng on for more dowry, and Joseph Lown thought I had better put it into somebody's hands for safe-keeping. I told him that I would put it into his hands, or would deed it to him for safe-keeping, and I did." In response to other questions he testified that "Lown told him that his wife was coming on him to open the case and get more dower," and that in consequence of Lown's suggestion the conveyance was made.

The testimony of the plaintiff is corroborated and strengthened by the declarations of Lown, made afterward to three of the witnesses. There is no testimony tending to show that plaintiff's divorced wife contemplated making any claim on him or his property, or that Lown so thought or believed. His declarations after the conveyance lead to the conclusion there was an object in getting the conveyance which was not disclosed. Lown proposed to plaintiff's brother to divide with him at the former's death, which he thought would soon occur.

Relying somewhat on the belief that plaintiff's mind had, to some extent, become weakened from the use of intoxicating liquor, the intimacy between Lown and the plaintiff, and the influence resulting therefrom, which was the more potent because of the plaintiff's habits, together with what was said by Lown to induce the conveyance, we are of the opinion that fraud has been sufficiently established. Equity does not require that the party making the false representation should have known it to be false. It is sufficient if the representation be shown to be false or untrue, and that the other party acted thereon under the belief it was true. Of course the false representation must have been material, and the inducing cause of the given act. These conditions or exceptions existed in the present case, and the burden, we think, was on Lown to prove the representation was true, or that he had reason to so believe. This he has entirely failed to do.

VI.   It is forcibly urged that plaintiff is not entitled to re-
lief because the conveyance was made to defraud creditors.

4. ——: ——:   To make such a conveyance constitutes a crime
creditors.      under the Code, § 4074, and without doubt
if made with such intent the plaintiff cannot be relieved
from such illegal act.   It is the duty of the courts to en-
force the rule, however wrong and unjust it may seem to
be to permit one who has induced the fraud to reap an advan-
tage therefrom.   Fraud must be repressed with a strong hand.
The sole object of the statute is to prevent conveyances of
property with intent to defraud creditors, purchasers, or
"other persons."   If there were no creditors or purchasers
the conveyance could not be fraudulent as to them.   The
words "other persons" must be construed to mean some one
who had, or might have, a claim or right to the property con-
veyed, which might be enforced at law or equity.   Subject
thereto the right of the plaintiff to dispose of his property
as he saw proper was absolute and unconditional.   His in-
tent in so doing was wholly immaterial, provided no one but
himself was injured or had cause to complain.   The statute
must have a practical and legal application.   It was not the
intent the statute should be regarded in the light of a moral
code, and operate on the conscience of the party making the
conveyance, but its purpose is to protect the legal or equi-
table rights of others.   *Baker v. Gilman*, 52 Bart., 26; *Dear-
man v. Dearman*, 4 Ala., 521; *Smith v. Bowen*, 2 Hay (N. C.),
296; *Brady v. Elleson*, Id., 348.

The debtor cannot be permitted to determine whether or
not there are creditors or others who may be defrauded by
the conveyance.   The law must determine this question.
*Hook v. Mowre et al.*, 17 Iowa, 195.   Bump on Fraudulent
Conveyances, 484.

If the plaintiff had been indicted under the statute he
could not have been convicted unless it could have been estab-
lished there were creditors, or that the conveyance was made
to defraud some person who had or might have a claim or

right to the property conveyed. The burden to prove such facts would be on the State. They could not be presumed.

Tested by what has been said we are not satisfied the conveyance was made with a fraudulent intent. There is no pretense that there were any creditors unless the plaintiff's divorced wife was such. There is no testimony tending to show she was such, or had any claim or contemplated making one. Much less is it shown she had a demand which was enforceable.

It is insisted the statute provides, where a divorce has been granted and alimony allowed, that "subsequent changes" in relation thereto may be made by the court as "circumstances render them expedient" (Code, § 2229), and it is urged the conveyance was made to avoid such contingent liability. Conceding this to be true, it was wholly imaginary, and engendered in the mind of the plaintiff possibly by rumor, and confirmed and fastened therein by the defendant Lown. Such being the case the latter should at least establish there were grounds upon which his belief as to such a claim or demand could be supported. We are warranted in concluding from the record that such a claim or demand is and was at the time of the transaction a myth or pretense.

The conveyance having been made because of and in reliance on the fraudulent representation of Lown, the plaintiff has the right to have the same set aside.

VII. The defendants insist that the plaintiff should have offered to pay the amount he was indebted to Lown before he was entitled to any relief. There are two sufficient answers to this proposition. We are not satisfied there was any indebtedness, and the case was not tried in the court below on any such theory. The only defense the defendants pretended to have was that Lown had purchased the property, and the indebtedness, if any there was, was thereby extinguished.

AFFIRMED.