## MONTGOMERY WINKLE, APPELLANT, *v.* LUCINDA WINKLE, RESPONDENT.

ADMINISTRATION—JURISDICTION OF COUNTY COURT—DISTRIBUTION OF PERSONAL PROPERTY.—The county court has exclusive jurisdiction over the distribution of the personal property of deceased persons, and if there be an antenuptial contract which affects such property it should be proved before such court and the rights of the parties thereunder determined by such county court.

IDEM—ORDERS FINAL, WHEN.—If parties interested in the estate do not appeal from orders of the county court duly made, such orders become final and can not be inquired into in a court of equity.

13

THIS is a suit to establish a trust.  It is alleged in the complaint that on the sixth of June, 1873, one Isaac Winkle and the respondent, in contemplation of marriage, entered into an agreement as follows: "That for and in consideration of marriage between Isaac W. Winkle, of Benton county, Oregon, and Lucinda Bryan, of Lane county, Oregon, the said Lucinda Bryan hereby covenants and agrees to and with the said Isaac W. Winkle and his heirs at law, to release and abandon all claim of dower in and to all the real estate of the said Isaac W. Winkle, to which she would, be entitled in the law by reason of said marriage, and waives all right, both at law and equity, to any dower in said real estate of said Isaac W. Winkle, and transfers all her right of dower which she may obtain by reason of said marriage, to said heirs.  And the said Isaac W. Winkle hereby agrees to and with the said Lucinda Bryan that she shall have, possess, and enjoy of his property an equal share with his heirs; that at his death his real and personal estate shall be sold and converted into money, and that the proceeds thereof shall be divided equally between said Lucinda Bryan and any other heirs.  This instrument to be void in case said marriage is not consummated."

That said Isaac Winkle and the respondent afterwards intermarried; that after said marriage, said Isaac Winkle died possessed of the property described in the complaint; that after his death, and about the month of September, 1876, administration of his estate was duly granted to one John S. Baker, who duly qualified and proceeded to discharge the duties of his trust; that the respondent applied to the county court and had set apart to her, under section 1095 of the code, all of the property in dispute in this case, except two beds and bedding; that the appellant, and some other children of the deceased, were about to take steps to have the legality of said order tested, but the respondent gave assurances that she did not desire said allowance, and then the appellant gave up the idea of appealing from said order; that the respondent had also obtained possession of two beds and bedding, of the value of one hundred dollars, since the death of said Isaac Winkle, which belonged to

said estate, and that she wrongfully and fraudulently refuses to allow the same to be distributed among said heirs; that said administration has been duly closed and said administrator discharged, and that the appellant had purchased the interest of the other heirs of said property.

The circuit court, on the motion of respondent, struck out of the complaint all the allegations of ownership or claim to the property set apart to her under section 1095 of the code.

The respondent answered, denying the execution of the agreement referred to; that a distribution of any property had been made under the terms of such agreement; that she obtained possession of the beds and bedding as alleged in the complaint, and she alleges that such bedding is exempt from execution and was so during the administration of the estate; that the administrator failed to include such property in his inventory; that it has never been administered upon; that the estate has been settled and the administrator discharged; that Isaac Winkle was a resident and householder in Benton county, and that the property was kept by him for the use of the family; that the respondent is his widow and is entitled to it.

Upon the issues presented and the evidence taken, the court rendered a decree in favor of the respondent, dismissing the appellant's bill. From that decree this appeal is taken.

*F. A. Chenoweth*, for appellant.

*John Burnett and R. S. Strahan*, for respondent.

By the Court, BOISE, J.:

A number of questions have been discussed in this case, and among them the jurisdiction of a court of equity to declare and enforce a trust in a case like this. It is claimed by the respondent that the appellant can only obtain a title to the property in dispute by an order of the probate or county court. We think that this position is correct, for it is a fundamental principle of the common law of this country that the personal property of deceased persons goes by

operation of law to the administrator when the deceased leaves no will. Under our statute he must distribute it or the proceeds of it under the orders of the county court. (Statutes of Oregon, p. 328, sec. 1109; p. 548, sec. 2.)

The title to the personal property of a deceased person must be derived from the administrator through the orders of the court, and the orders of said court and the distribution made under them of personal property, are binding on all persons who are interested in the estate, provided such orders are regular and in due form of law. The antenuptial contract set out in this case should have been proven in the probate court, and the rights of the parties affected by it there determined, and if the parties were not satisfied with the proceedings there had, then either could have appealed to the circuit court. If they neglected to appeal, the decree of the probate court became final, and is not subject to be reviewed in a court of equity. It is claimed that the two beds named in the complaint were not disposed of by the administrator. If these beds or any other property were not administered on by the administrator, and the administration was closed and the administrator discharged from his trust, then the appellant, if he claims an interest in it by virtue of being an heir, must apply to the county court to have an administrator *de bonis non* appointed to administer upon it. For the statute has conferred on the county court exclusive jurisdiction in all matters pertaining to the transfer of the title to personal property of deceased persons. A court of equity has no jurisdiction over it.

The circuit court had no jurisdiction to grant the relief prayed for, and the bill should be dismissed.

This view of the case renders it unnecessary to consider the other questions argued in the case.