THE SPRINGFIELD ENGINE & THRESHER COMPANY V. VAN BRUNT *et al.*

1. **Guaranty:** OF NOTES SIGNED WITH FICTITIOUS NAMES : REASONABLE DILIGENCE AS DEFENSE. The agents of the plaintiff for the sale of their goods, by the contract of agency, guaranteed all notes taken for goods to be good when taken. They took the notes in suit, signed with fictitious names, and the persons who so signed them were insolvent at the time. *Held* that reasonable diligence on the part of the agents in taking the notes, while it might relieve them from responsibility on account of the deception practiced by the makers in signing fictitious names, would not discharge them from liability on their guaranty, and that an instruction which in effect held that it would, was erroneous.

2. ———: DISCHARGE BY SETTLEMENT: INSTRUCTION. In such case, the agents pleaded a settlement as discharging them from liability on their guaranty, but plaintiff replied that if there was a settlement as to the notes in question it was made in ignorance of the facts concerning the notes, and in the belief, founded upon the representations of the agents, that the names subscribed to the notes were genuine, and that the makers were solvent; and there was evidence tending to support the reply. *Held* that if the reply was true it constituted a good defense to the settlement, and that an instruction to the jury, that if they found there was a settlement they should find for defendant, was erroneous.

*Appeal from Pottawattamie District Court.*— HON. GEORGE CARSON, Judge.

FILED, JANUARY 30, 1889.

ACTION against the makers and guarantors of promissory notes. There was a judgment upon a verdict for defendants. Plaintiff appeals.

*Fremont Benjamin,* for appellant.

*Flickinger Bros.,* for appellees.

BECK, J.—I. The petition alleges that R. D. Green and Thomas Alexander, under the fictitious names of David Green and Thomas Beaty, executed to plaintiff certain promissory notes, copies of which are set out in the petition. The defendants R. D. Green and Thomas Alexander are charged in this action as the makers of the notes. The petition alleges that the other defendants, the Van Brunts, as the agents of plaintiff, sold to Green and Alexander a horse-power and separator, and received in payment therefor the notes in suit. The Van Brunts entered into a written contract between themselves and plaintiff wherein they undertook to act as agents for plaintiff in the sale of farm machinery. This contract contains a condition to the effect that the Van Brunts "will guarantee all notes good when taken by them, and will attend to the collection, when necessary, * * * and remit" to plaintiff "all notes

*Marginal note: 1. GUARANTY: of notes signed with fictitious names: reasonable diligence as defense.*

and moneys, as fast as machines sold are paid for." Other conditions of this contract need not here be set out. The petition alleges that the Van Brunts were guilty of extreme negligence in taking the notes signed in fictitious names, and that R. D. Green and Thomas Alexander, the other defendants herein, at the time of the execution of the notes, were wholly insolvent, and so remain.

II. The district court gave to the jury the following instruction : "(4) If you find that the makers of the notes in controversy signed the same under names assumed, and not real names, and if you find that defendants exercised reasonable diligence as ordinarily prudent men, and if you find that such property was in fact obtained by false pretense from the defendants, and that reasonable prudence was exercised, then, in law, defendants would not be liable upon such notes so guaranteed, if so done, for in law an agent or bailee of a party is only liable for want of reasonable care and prudence." This instruction is to the effect that defendants, the Van Brunts, are not bound by their guaranty if they exercised reasonable prudence in taking the notes. It may be that defendants would be relieved of liability on their guaranty so far as liability might arise by reason of the failure to recover on the notes by reason of the fictitious signatures. But, as the parties signing the notes are liable notwithstanding the fictitious signatures, it is difficult to see how defendants could be relieved under the rule of the instruction. It is clear that the instruction, so far as it may apply to the fictitious signatures, is practically of no benefit to defendants, and of no avail in the case. It ought not to have been given. But the language of the instruction is so broad that it applies to the guaranty, so far as it is against insolvency, or any other thing which will defeat recovery on the notes. It is plain that prudence in taking the notes, so far as the fictitious names are concerned, would not relieve defendants from liability on their absolute guaranty which might arise on account of the insolvency of the makers of the notes. As we have

seen, the matter of the fictitious signatures cuts but a small figure in the case, for the real makers of the notes will be liable thereon notwithstanding they signed them in false names. Plaintiff's rights in this regard only depend on a matter of proof. The grave error and prejudice is at once seen when the instruction is understood according to its undoubted meaning, which is to the effect that defendants will not be liable on their guaranty in case they were prudent in accepting the notes in view of the fictitious signatures.

III. The defendants, the Van Brunts, in their answer, pleaded that they were released and discharged upon a settlement between the parties. The plaintiff replied to this allegation of the answer in the following language: "Plaintiff denies that there was a full and complete settlement or satisfaction of the matters and liabilities arising under and growing out of the contract attached to plaintiff's petition, made by defendants; and denies that defendants were released or discharged from any or all liabilities arising therefrom. And plaintiff states that if any such settlement or satisfaction was made the same was made without any knowledge on the part of plaintiff that the makers of the notes described in plaintiff's petition were not responsible financially at the time the notes were taken, and without any knowledge that the notes were signed by fictitious names, and upon the information and belief that the makers of said notes were residents of said Pottawattamie county, Iowa, and upon the representations by defendants that the makers of the notes were amply responsible for the amount thereof." As applicable to the issue thus raised, the court directed the jury that if they found that there was a settlement they should find for defendants. But the court failed to direct the jury that if they found the matters pleaded by plaintiff in reply to the answer setting up the settlement they should not find for defendants on the ground of the settlement. Surely, if plaintiff did not know of the insolvency of the makers of the notes, and was induced to believe that they were solvent by the

*2. ——: discharge by settlement: instruction.*

declarations of the Van Brunts, the settlement should be disregarded. The court should have properly directed the jury upon this issue. The fraudulent representations of the Van Brunts to the effect that the makers of the notes were solvent, if proved, would defeat the settlement; for a fraud of that character will defeat all agreements. The law will not provide rewards for frauds by enforcing agreements based thereon. "Fraud vitiates all contracts, and may therefore be shown by parol evidence, although its effect will be to vary or contradict a written instrument." *Day v. Lown*, 51 Iowa, 364. There was evidence tending to show the fraud, to which a proper instruction on the subject would have been applicable.

Other questions arising in the case need not be considered, as the judgment of the court below for the errors pointed out must be

REVERSED.