Norris *et al. v.* Norris.

Filed Jan. 21, 1892.

———————

No. 215.

NORRIS ET AL. *v.* NORRIS.

PROMISSORY NOTE.—*Action upon.—Cross-Complaint.—Demurrer.*—In an action upon a promissory note, a demurrer was properly sustained to a cross-complaint which averred that the payee, the father-in-law of one of the defendants, agreed to release and cancel the note upon condition that his son-in-law, who had preferred charges of immorality against his wife, leading to their separation, would become reconciled to and live with and support his wife, but which contained no averment that he had performed the condition thus imposed.

SAME.—*Advancement.—Evidence.—Judgment.*—Where, in an action upon a promissory note, it was claimed that the note was given by one of the defendants, with his co-defendant as surety, as evidence of an advancement made to him by the payee, and with the distinct understanding that the principal was never to be paid, and only as much of the interest as the payee might need during his lifetime for his support, and that at the same time, and under the same arrangement, another note for the same amount was given by the other defendant, with his co-defendant as surety, both of the defendants being sons-in-law of the payee, it was proper to admit in evidence the record of the judgment upon the other note showing that suit had been brought upon the same and judgment obtained thereon by default, and the judgment collected by sale of the principal's property.

DEPOSITION.—*Aged and Infirm Person.—Resident of County.*—The deposition of a person, a resident of the county where the trial was had, was properly admitted in evidence, the preliminary hearing showing that the deponent was seventy-five years old, and was suffering from a rheumatic affliction, and her physician testifying that she might be able to attend court without injury to her health, but he thought she ought not to be required to do so. She lived eleven miles from the county seat. See section 423, R. S. 1881.

PRACTICE.—*Objection not Persisted in.*—*Non-available Error.*—Where objection is made to a question asked of a witness, and the question is not answered, but later in the examination of the witness the question is repeated, and answered without objection, there is no available error.

GIFT.—*Obtained by Fraud.*—*Who may Avoid.*—Gifts obtained by fraud or imposition, as a rule, are voidable only, and if they are not avoided by one who has been especially injured by the fraud, no one else has the right to complain. No one may avoid a transaction for fraud who was not injured by it.

From the Noble Circuit Court.

*H. G. Zimmerman* and *F. M. Prickett,* for appellants.

*T. M. Eels,* for appellee.

CRUMPACKER, J.—Elizabeth Norris sued Harrison and Joseph Norris upon a promissory note executed by them to John McWhorter and assigned by him to the plaintiff.

It is alleged in the complaint that on the 8th day of November, 1873, the defendants gave their note to John McWhorter for the sum of two hundred dollars, payable on demand, with interest at ten per cent., and that said payee, while in life, assigned and delivered said note to the plaintiff, without endorsement, as a gift; that said McWhorter died in Noble county intestate on the 16th day of August, 1884, and the proper court appointed his widow, Charlotte McWhorter, administratrix of his estate, and, it being found that the entire estate was worth less than five hundred dollars, it was vested in the widow absolutely by order of court and the administration closed. A copy of the note was filed with the complaint, and said Charlotte McWhorter was made a party defendant to answer as to her interest in the note. She suffered a default to be entered against her, and the other defendants appeared and filed an answer consisting of seven paragraphs and a cross-complaint of one paragraph. The plaintiff demurred to each paragraph of answer and cross-complaint separately, and the demurrer was overruled to the answer and sustained to the cross-complaint.

The cause was put at issue and tried by jury, and a verdict

was returned in favor of the plaintiff. A motion for a new trial was filed by the defendants who appeared, which was overruled and judgment was rendered upon the verdict. Counsel for appellants contend that the court erred in sustaining the demurrer to the cross-complaint. This pleading is anomalous in its character, and we set it out in full as follows :

" By way of cross-complaint herein, the defendants, jointly and severally, complaining of the plaintiff, Elizabeth, say : That, while the said instrument of writing was yet in the hands of the said John McWhorter, the same was settled, cancelled and fully discharged in the manner following, that is to say : That on the — day of ——, 1879, the plaintiff herein, then and still the wife of the defendant Harrison, by reason of a charge of wrongful and grossly immoral conduct then preferred against her by her husband, the defendant Harrison, separated from him, left her home, and went to the home of her father, the said John Mc-Whorter, at whose residence she remained for a considerable period of time ; that subsequently he, the said John, brought the plaintiff to the home of the defendant Harrison, her husband, and urged him, the said Harrison, to permit the plaintiff to remain and live with him as his wife ; and then and there proposing to said Harrison, as an inducement so to do, that if the said Harrison would again permit the said Elizabeth to resume her marital relations with him and dismiss, suppress and forego all prior grounds of complaint and objections, on account of her alleged misconduct, he, the said John, would then and thereupon surrender to said Harrison, as fully cancelled, released and discharged, all notes, obligations, claims and demands of every description then and theretofore held by him against the defendant Harrison, including the instrument herein sued on.

"And defendants say that the defendant Harrison thereupon agreed that upon the condition that the plaintiff would admit that she was guilty of the charges of wrongful and im-

moral conduct, theretofore by him preferred against her, which she then and there did, she then and there agreeing to refrain from a repetition thereof in the future. And the defendants say that the said Harrison, pursuant to and in consideration of said proposition of said John, and of the said admissions and concessions by plaintiff, then agreed and consented to receive and permit the plaintiff to return and reside with the said defendant Harrison as his wife. And the defendants say that the said John McWhorter then and thereupon, and upon the reconciliation of the said parties, and pursuant to his said promise and agreement, said to said Harrison, that, not having the said papers with him on that occasion, he could not then deliver the same, but would do so at the first opportunity, and that said Harrison should call therefor the first time he came to the residence of said John, when the same should be delivered and surrendered to him. But defendants say that soon thereafter, and before the surrender of said writing, the said John became sick and insane, and died; that subsequently the plaintiff and her mother, the defendant Charlotte, unlawfully came into the possession of said writing or note, and still retain the same, claiming the same as their property or as the property of the plaintiff, which claim defendants allege is unlawful and without right, and in violation of the rights of the defendant Harrison in and to said written instrument; that defendant Harrison is principal in said writing, and the defendant Joseph surety therein. And defendants deny each and every allegation in plaintiff's complaint not herein admitted. Wherefore defendants pray judgment that said written instrument be by the court decreed cancelled, released and discharged, and that the same be surrendered up and cancelled, and for all other proper relief."

We are advised that the demurrer was sustained upon the theory that there was no consideration to support the promise of the payee to release and cancel the note in suit—that the appellant Harrison did only that which it was his legal

duty to do, and he could not enforce a promise of payment therefor.

The question of consideration is argued very exhaustively in briefs of counsel, but we do not deem it necessary to decide it, because the cross-complaint was demurrable upon another ground.

We understand from its averments that the payee of the note agreed to release and cancel it upon condition that Harrison would become reconciled to and live with and support his wife. He agreed to do this, but there is no averment that he did it. As far as the cross-complaint discloses, he did not live with her a single day, so there was no performance of the conditions upon which the note was to be surrendered, and the promise is not enforceable.

It is next insisted that the court erred in permitting the appellee to read in evidence the deposition of Charlotte Mc-Whorter, who was a resident of Noble county. Preliminary to the reading of such deposition evidence was introduced showing that the deponent was seventy-five years old, and was suffering from a rheumatic affliction, but was able to walk about her house with the aid of a cane.

A physician who examined her shortly before the trial testified that she might be able to attend court without injury to her health, but he thought she ought not to be required to do so. She lived eleven miles from the county-seat.

Section 423, R. S. 1881, provides that depositions may be used " where the deponent is so aged, infirm or sick as not to be able to attend the court or other place of trial, or is dead."

There was no error in allowing the deposition to be read, as the evidence brings the case clearly within the above statute.

The appellants testified upon the trial that they were both sons-in-law of John McWhorter, the payee of the note, and that the note was given by Harrison Norris as evidence of an advancement made to him by the payee and with the distinct understanding that the principal was never to be paid,

and only as much of the interest as the payee might need during his lifetime for his support. The note was signed by Harrison as principal and Joseph as surety, and at the same time and under the same arrangement the deceased advanced Joseph the same amount and took the same kind of a note from him, which was signed by Harrison as surety. Several years after the execution of these notes the payee sued the appellants upon the one given by Joseph and obtained judgment thereon by default, which judgment he collected by the sale of Joseph's property. The record of this judgment was admitted in evidence, and this is insisted upon for a reversal of the judgment. No error occurred in the admission of the record in evidence. Conceding that it did not amount to an adjudication of the note in suit in the case before us, it betrayed conduct upon the part of the appellants which was entirely inconsistent with their pretensions that the notes were given simply as evidence of advancements. It was equivalent to an admission upon their part that one of the instruments which, since the death of the payee, they assert were given to show advancements, during his life, had the force and effect of a promissory note.

The court allowed one Harrison to testify on behalf of the appellee that John McWhorter, in his lifetime, told the witness that the note in suit was given for borrowed money. Neither of the appellants was present at such conversation. Objections were duly made to a question calculated to elicit this conversation, and were overruled by the court and exceptions entered, but the witness did not answer the question, so no harm resulted to appellants. A number of other proper questions were asked the witness, and he was again asked substantially the same question which was objected to before, and the witness detailed the conversation of which complaint is now made, but no objection or exception was taken to either question or answer. No available question, therefore, is presented by the record in this particular.

It is also argued that the verdict is not supported by the

evidence.   We think otherwise.   Appellants admitted the execution of the instrument sued upon, but claimed that it was given as evidence of an advancement.   Charlotte Mc-Whorter testified that she was present when it was executed, and that it was given as evidence of a loan and was to be paid according to its tenor.   She also testified that she gave the note to the appellee at the request of the payee and during his lifetime.   Appellee testified to conversations with appellant Harrison concerning the note, and that he never claimed to her that it was not to be paid.   There was evidence upon every traversable question amply authorizing the conclusion of the jury.

Evidence was introduced touching the mental condition of the payee of the note at the time appellee claims that it was given to her, and the position is assumed by appellants' counsel that the gift was obtained by fraud and imposition. Upon this branch of the case they requested the court to give the following instruction, which was refused :

" It is insisted, on part of the defence, that at and during the period when the transactions occurred, out of which it is claimed by plaintiff that the alleged gift was made, the said John McWhorter was and had become aged, infirm and unable, by reason of mental impairment, for the transaction of ordinary business affairs ; that during this time plaintiff's mother, Charlotte McWhorter, obtained possession of the instrument sued on (she having access to and claiming to have the custody of his papers, including the instrument in suit), the said Charlotte then being the wife of said John ; and that subsequently and while in the house and presence of said John, but without his knowledge, delivered the same to the plaintiff; and that his mental incapacity or infirmity then was such, and the situation and relation of the parties named were to each other such, that said plaintiff and her mother were in a position to take advantage of John Mc-Whorter in the matter of the management and disposition of the instrument in suit.   Now the court instructs you that

where one party is so situated as to be able to exercise a controlling influence over another's person or property, any transaction which is decidedly to his (or her) own advantage and to the disadvantage of the other, who in this case would be the payee, John McWhorter, must have been procured by the exercise of undue influence in accordance with the opportunity. Especially is this true of a transfer by gift. And hence the rule, well established by the authorities, is, that gifts obtained by one standing in such confidential relation, are *prima facie* void, and the burden is thrown on the donee to establish to the satisfaction of the jury that the gift in question was the free, voluntary, unbiased act.of the donor."

This instruction has no application to the facts in the case, and was properly refused. Gifts obtained by fraud or imposition, as a rule, are voidable only, and if they are not avoided by one who has been specially injured by the fraud, no one else has the right to complain. No one may avoid a transaction for fraud who was not injured by it. *Bell* v. *Johnson,* 111 Ill. 374; *Day* v. *Lown,* 51 Iowa, 364; Bigelow Fraud, p. 199.

If appellants owed the note in controversy, they could in no manner be prejudiced by a change of title, though procured by fraud, as long as the payee or his representatives were asserting no title to it. Appellee's title was such as to enable her to maintain an action on the note, and the appellants are in no position to impeach or question it, except so far as to protect themselves in the payment of the note. This was amply done by making the legal successor and representative of the payee a party to the suit.

There is no error in the record.

The judgment is affirmed.

Filed Oct. 28, 1891 ; petition for a rehearing overruled Jan. 23, 1892.