Argued 19 January, decided 13 February, 1905.

## OREGON *v.* SIMMONS.

79 Pac. 498.

ESCHEAT—NEED OF TERMINATION OF ADMINISTRATION.
Under B. & C. Comp. §§ 5577, subd. 7, 5578, subd. 5, and 5614, defining the conditions under which property escheats to the State, and Section 5616, providing for the commencement of escheat actions by the law officer of the State, such actions must be subordinate to the probate proceedings in the county court, and before a judgment of possession can be entered in an escheat case it must appear that the estate has been finally settled.

From Multnomah: ALFRED F. SEARS, JR., MELVIN C. GEORGE and JOHN B. CLELAND, Judges, in joint session.

Statement by MR. CHIEF JUSTICE WOLVERTON.

This is an escheat proceeding by the State of Oregon against S. W. Simmons, as administrator, and the heirs of Henry Wilson, deceased. The information filed herein November 24, 1899, shows, in substance, that Henry Wilson died in Multnomah County, April 27, 1899, intestate and without heirs; that he left an estate situate therein consisting of real and personal property which is particularly described; that the defendant Simmons was, on May 24, 1899, duly appointed, and still continues to be, the administrator of said estate; that Henry Wilson was in his lifetime, and since his death his estate has been, seized of the real and personal property described, and that the administrator is now in possession and occupancy of the whole thereof; that there are no unpaid claims against the estate; that "after paying all lawful demands and claims, including costs and expenses of administration," the administrator has in his hands the property so designated; and that the same belongs to the State of Oregon; concluding with a prayer that the property be sold in the manner prescribed by law, and the proceeds accounted for to the State. The answer of the administrator admits all these averments except such as relate to heirship, claims and demands against the estate, and the costs and expenses of administration, which are denied, and affirmatively shows that at the time of the filing of the information, and at the present time, there were and are lawful claims against the estate which have been duly allowed, but remain unpaid. This affirmative showing was, however, stricken out on motion, and

upon the issues remaining a trial was had before the court
without the intervention of a jury. Findings of fact and law
were made, and judgment rendered thereon, whereby the admin-
istrator was directed and required to deliver the property in
question to the Sheriff of Multnomah County, to be sold as
by law required, from which judgment he appeals. The find-
ings of fact contain none relative to the payment of the claims
and demands against the estate, or the costs and expenses of
administration, nor does it appear that the estate has been fully
administered or settled.                    REVERSED.

For appellant there was a brief over the names of *Hayward
H. Riddell* and *Jay H. Upton,* with an oral argument by *Mr.
Riddell.*

For respondent there was a brief over the names of *Andrew
M. Crawford,* Attorney General, and *John Manning,* District
Attorney, with an oral argument by *Mr. Crawford.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

Before the State could have judgment against the adminis-
trator that he render possession of the property involved by
the controversy to the sheriff, it is essential that it allege and
show that all the claims and demands against the estate pre-
sented to the administrator in the usual course, and all costs
and expenses of administration have been fully paid and dis-
charged, and the estate settled; otherwise the administrator is
still entitled to retain the property for the purpose of adminis-
tration. Such, in effect, is the holding of this court in *State ex
rel.* v. *O'Day,* 41 Or. 495 (69 Pac. 542). The complaint shows
that the administrator is in possession of the property, that
there are no unpaid claims against the estate, and by reasonable
inference, which we are allowed to draw after answer, that all
lawful claims and demands against the estate, including the
expenses and costs of administration, have been paid; but the
trial court has made no finding touching these important and
essential allegations, nor has it found that the estate has been
fully settled, so that the findings do not support the judgment
rendered. There cannot be two repugnant jurisdictions of the

same matter at the same time, and while the county court has jurisdiction to administer the estate the circuit court cannot have jurisdiction to take it from the administrator and turn it over to the sheriff. The latter jurisdiction must necessarily abide the exercise of the former until the business thereof has been fully settled, which is to administer and settle the estate. When this is done, the latter may exercise jurisdiction and adjudge that the residue be delivered up to the sheriff, but until then any judgment entered in the circuit court against the administrator for the present possession of the property is premature and without the sanction of law. At the time of the commencement of this action and the rendition of the judgment by the circuit court, the statute (B. & C. Comp. § 5616) provided that, when the Governor was informed or had reason to believe that any real or personal property had escheated to the State, he should direct the district attorney to file an information setting forth the necessary facts to have it so declared, which was to be followed by other proceedings until the contemplated adjudication was had. Property escheats to the State when the decedent leaves no lawful descendants, kindred, or other persons competent to take under the statute: B. & C. Comp. §§ 5577, subd. 7; 5578, subd. 5; and 5614. Such property is, however, subject to the debts and liabilities of the estate of the decedent and the costs and expenses of administration, and, before these can be ascertained and regularly discharged, there must be an administration, and of this, as we have seen, the county court has exclusive jurisdiction. The statute, however, is susceptible of the construction that escheat proceedings could have been begun at once, whenever the governor was informed that the property had escheated; but such proceedings, when commenced, must necessarily bide the time of the settlement of the estate in the county court, before judgment can be had against the administrator that he render possession of the property to the sheriff. Any other rule would lead to conflict of jurisdiction and confusion, and such was manifestly not the intention or purpose of the legislature. A statute of more recent date has been adopted (Laws 1903, p. 127), purporting

to oust the jurisdiction of county courts to determine the question of heirship or right to claim personal property of an estate after information of escheat has been preferred, but it does not assume to curtail its original jurisdiction as to the settlement of the claims and demands against the estate, and the costs and expenses of administration, so that the amendment cannot affect the present controversy. Section 9 of the latter act prescribes that the judgment escheating personal property shall provide that any such property remaining undisposed of by order of the probate court shall be sold by the sheriff, etc., and it is suggested by the. attorney general that this court is thus empowered to modify the judgment in the present proceeding accordingly, and thereby avoid the necessity of remanding the cause. To do this, however, we must know by some finding of fact of the trial court that there would be some part of the decedent's estate left after full administration in the probate court; otherwise it would be useless to enter any judgment in the premises. We are impressed, therefore, that a regular procedure requires a reversal of the present judgment against the administrator, and that the cause should be remanded for such further action in the premises as may seem proper, and such will be the order of this court.                                    REVERSED.

---

Decided 9 January, 1905, rehearing denied.