Argued August 8, decided August 15, 1912.

## IRVINE v. BECK.

[125 Pac. 832.]

EXECUTORS AND ADMINISTRATORS—DISPUTED CLAIMS—CLAIMANT'S REMEDY.

1. Where a claim against a decedent's estate is disallowed by the executor, the claimant's remedy is to present it to the county court for allowance, under Section 1241, L. O. L., where it will be tried as a law action.

EXECUTORS AND ADMINISTRATORS—CLAIMS—ALLOWANCE—REPORT.

2. Where a claim against a decedent's estate is allowed by the executor, he should so report it in his first semi-annual accocunt, or in his final account, if no previous one has been made.

EXECUTORS AND ADMINISTRATORS—CLAIMS—ALLOWANCE—EFFECT.

3. The allowance of a claim against a decedent's estate by the executor is only his approval of it, and does not bind the heirs or creditors, who may still contest it on the settlement of the executor's final account, under Sections 1285, 1286, L. O. L.

EXECUTORS AND ADMINISTRATORS—DISPUTED CLAIMS—TRIAL—ISSUES.

4. Under Section 1286, L. O. L., providing that any person interested in a decedent's estate may, on or before the day designated for settling the executor's final account, file objections thereto, or to any item thereof, "specifying the particulars of such objections," where objection was made to a claim for services on the ground only that the claimant had been fully paid in decendent's lifetime, this was the only issue open to consideration; the employment, the services rendered, and their reasonable value, being admitted.

EXECUTORS AND ADMINISTRATORS—CONCLUSIVENESS—PERSONS NOT APPEALING.

5. On the trial in the county court of a disputed claim against a decedent's estate, although the only issue presented by the objection was that of payment in the decedent's lifetime, the court allowed a set-off. The contestant only appealed to the circuit court, which reduced the recovery, and from its judgment the claimant appealed to the Supreme Court. *Held,* that the claimant acquiesed in the judgment of the county court, and could have no greater recovery than that allowed by it.

From Polk: WILLIAM GALLOWAY, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

These proceedings are the result of objections filed by Jesse T. Irvine and others against a claim by Temperance Beck against the estate of Nancy Brouse. The facts are as follows:

Mrs. Nancy Brouse died in October, 1909, in Polk County, Oregon, leaving a will by which B. Wilson was named, and afterward appointed by the county court of that county, executor. Temperance House Beck presented a claim against the estate for the sum of $1,000, the reasonable value of 23 months' services, keeping house and caring for Mrs. Brouse from January 5, 1907, to December 1, 1908. The claim is as follows:

"In the Matter of the Estate of Nancy Johnston Brouse, deceased. Claim of Mrs. Temperance Beck against the above-named estate. April 18, 1910. To care and attention rendered by the claimant for the deceased between January 5, 1907, and December 1, 1908, a period of one year and eleven months, in keeping house for her, doing her washing, nursing her, and generally caring for her, under an express agreement made on or about January 5, 1907, between the claimant and the deceased, by which the deceased agreed to pay the claimant $1,000 if the claimant would stay with her from that time to her death and do the work for which this claim is made. The services above mentioned were faithfully performed by claimant for the period aforesaid, when deceased rescinded said contract, discharged the claimant, and rendered further performance of the same by the claimant impossible. The reasonable value of the services rendered by claimant under said agreement is the full sum of $1,000. No payments have been made thereon."

It appears from the record that, at the time the above agreement was made, Nancy Brouse was about 92 years old and lived on her farm near Independence; that her daughter, Temperance Beck, who was a widow living in Independence, had been caring for her part of the time; that on January 5, 1907, Mrs. Brouse made an agreement with Mrs. Beck that defendant should keep house for her mother and nurse and care for her generally as long as she lived, in consideration of which Mrs. Brouse was to pay her $1,000, and that she turned over to B. Wilson, executor of her will, a bank certificate of deposit

in that sum, to be delivered to Mrs. Beck by him after Mrs. Brouse's death, if Mrs. Beck had fulfilled the agreement. Thereafter Mrs. Beck lived with and cared for her mother under the agreement until about December 1, 1908, when her mother, being dissatisfied with the arrangement, employed other help and revoked the agreement and countermanded the instruction to Wilson as to the delivery of the certificate of deposit.

The verified claim was presented to the executor on April 22, 1910, and on the same day he indorsed it:

"The within claim, presented to me this 22d day of April, 1910, is, after examination, allowed. B. Wilson, executor of said estate."

On April 30th respondents filed with the clerk of the court objections to the allowance of the claim; the only ground of objections being "for the reason that said Temperance Beck had been fully settled with by Nancy Brouse during her lifetime for the services claimed for in said bill." On December 2, 1910, the executor filed his final account, in which he stated that "in addition to the above claims there has been presented to your petitioner the following claims, which have been not allowed by your petitioner, and the same are presented herewith for further action by the court, to wit: * * Temperance Beck (formerly House), $1,000." On January 7, 1911, Temperance Beck filed objections to the final account, in which she asserts that it is not true that her claim was disallowed; that it was allowed, and that she was so notified; that she received no notice to the contrary, except through the final account.

The validity of the claim was tried before the county court upon the evidence offered by both parties, and, as part of the decree in settling the final account, it adjudged, among other things, that the claim be allowed in the sum of $802, less a credit of the amount of a note due from

claimant to the estate in the sum of $200, and directed the payment thereof by the executor, and the final account was modified accordingly. Plaintiffs appealed to the circuit court, and judgment was there rendered for defendant in the sum of $322, from which defendant appeals.                    REVERSED: DECREE RENDERED.

For appellant there was a brief and an oral argument by *Mr. Oscar Hayter.*

For respondents there was a brief over the names of *Mr. Francis V. Galloway, Mr. J. E. Sibley* and *Messrs. McCain & Vinton,* with an oral argument by *Mr. Galloway.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. First, it is important to determine what issues are before us. If the claim had been disallowed by the executor, then the claimant's remedy would have been to present it to the county court for allowance, which would have been tried thereafter as a law action, under Section 1241, L. O. L. See *Wilkes* v. *Cornelius,* 21 Or. 341 (23 Pac. 473).

2. The claim having been allowed by the executor, he should have so reported it in his first semi-annual account, or in his final account, if no previous one had been made.

3. The allowance of the claim by the executor is only his approval of it, and does not bind the heirs or creditors, who have an opportunity to contest it upon the settlement of the final account, under Sections 1285 and 1286, L. O. L. See *In re Chamber's Estate,* 38 Or. 131 (62 Pac. 1013). However, the situation here is somewhat anomalous. The executor reports it as not allowed, but the court tried it as though it had been allowed and objected to by the heirs; and we will so consider it, treating the objections of the heirs, filed April 30, 1910, as objections to the final account.

4. It is said in *Roach's Estate,* 50 Or. 179, 190 (92 Pac. 118, 122), by Mr. Justice MOORE: "Any person interested in the estate may, on or before the day so designated [for settling the final account], file his objections to the final account or to any item thereof 'specifying the particulars of such objections.' Section 1203, B. & C. Comp. (Section 1286, L. O. L.) The requirement which the statute thus imposes to indicate the precise exceptions relied upon was evidently designed, in the system of pleading, as an answer, controverting the statement of facts contained in the final account, which is treated as a complaint, and such objections are apparently intended to impart notice to the personal representative of the decedent, so as to enable him to prepare for a trial of the issues thus framed. * * The court's examination of the facts challenged by the exception is therefore limited to the particular specification set forth in the objections interposed." Under this rule there was but one issue tendered by the objections to the account, viz., that the claimant had been fully settled with by decedent in her lifetime for the services claimed for in the bill filed April 22, 1910, thus admitting the employment, the service rendered, and its reasonable value; and even if we consider that the burden of proof on that issue was upon the claimant, the evidence is undisputed that she was not settled with or paid anything thereon.

5. However, defendant has acquiesced in the decree of the county court and can claim no greater decree here.

The decree of the circuit court will be reversed, and one entered here allowing the defendant's claim in the sum of $802, upon which shall be credited the sum of $224, the amount of the note due from her to the estate; interest being computed from the date of the note until January 7, 1911, the date of the decree of the county court.                    REVERSED: DECREE RENDERED.