Argued September 14; reversed October 5, 1937

In re Anderson's Estate

BANK OF CALIFORNIA NATIONAL ASSOCIA-
TION *v.* HOLMAN ET AL.

(71 P. (2d) 1013)

*Thomas G. Greene,* of Portland, for appellant.
*David S. Husted,* of Portland, for respondents.

■ BEAN, C. J. The first assignment of error is that the court erred in overruling appellant's motion to dismiss the objections of the respondents to the final account of the administrator. The estate of Joseph Anderson consisted entirely of personal property and the probate court had exclusive original jurisdiction to direct the payment of debts and distribution of the remainder, if any: *Re Faling Estate,* 113 Or. 6, 15 (228 P. 821, 231 P. 148); *State v. O'Day,* 41 Or. 495, 499, 502 (69 P. 542); *Esterly v. Rua,* 122 Fed. 609, 612.

▪ ■■ A probate proceeding is in rem and orders and decrees therein are binding upon every person, including the state and its governmental agencies, as well as private persons, unless the decree is attacked directly. Publication of notice to creditors and notice of final account, as required by law, are sufficient notice to the state to render the decree on final account conclusive as against a collateral attack: *Winkle v. Winkle,* 8 Or. 193, 196; *State v. O'Day,* supra; *State v. Finnigan,* 81 Or. 538, 542 (160 P. 370); *Christianson v. King County,* 239 U. S. 356, 372 (60 L. Ed. 327, 335, 36 S. Ct. 114); 34 C. J. 1172, §§ 1663, 1176, 1668.

The crux of this case is stated by the respondents as follows:

"The right of the bank to recoup this sum depends upon whether there was an express or implied agreement between Joseph Anderson and the Bank that he

would repay to them all sums advanced to him as a pension. The question of the right of the bank to recoup on the ground of fraud or deceit is not presented here since the same cannot arise out of a proceeding in the probate court for an allowance of a claim at law, a liquidated sum."

The question is fairly presented by the petition, objection and answer thereto.

■ There being no known heirs of Joseph Anderson, deceased, the state claims that the personal property involved escheated to the state of Oregon for the benefit of the school fund. Section 11-1201, Oregon Code 1930, the escheat statute in force at the time of Anderson's death and the probate of his estate, made no provision for service of petition, proof of claim or final account upon the state or any of its officers other than the published notice of the settlement of the estate. However, that section was amended by chapter 365 of the Laws of 1933, § 1, and again amended by chapter 12, Laws of 1935, Special Session, which provides that when any person shall die intestate without heirs, leaving any real, personal or mixed property, interest or estate in this state, the same shall escheat to and become the property of the state and the clear proceeds derived therefrom shall be paid into and become a part of the common school fund of this state and be loaned or invested by the state land board, as provided by law. The county court, before whom any probate matter is pending, shall determine whether there are any legal heirs to said estate, and if it be determined by said court that there are no legal heirs thereto said court shall order the administrator of said estate to serve upon the said state land board a true copy of each order, motion, petition, or citation, and of the order of the court directing that said proceeds shall escheat, together with a

copy of the final account in said estate. No disbursements from said escheated estate in excess of the sum of $100 shall be made by any administrator until the state land board has been given 10 days from the date of service upon it of the order allowing such disbursement in which to file its objections thereto. The said state land board shall have three weeks from the date of service upon it of said copy of said final account in which to file its objections thereto, and after said final account has been approved by the court said administrator immediately shall pay over to said state treasurer all of such proceeds, and said treasurer shall credit the same to the common school fund as other moneys received from escheats. This amendment does not apply to the present case.

Section 11-1201, Oregon Code 1930, does not curtail the jurisdiction of the probate court in respect to claims against the estate and the costs and expenses of administration: *Oregon v. Simmons*, 46 Or. 159, 162 (79 P. 498); 21 C. J. 855, § 15. The statute confers broad jurisdiction upon probate courts in the settlement of claims against an estate and the costs and expenses of administration. It is not contemplated by the law that when some question arises in regard to a claim, as to whether it is meritorious or not, the party should be relegated to any other jurisdiction, while it is true that jurisdiction for the settlement of title to real estate is not conferred upon probate courts in this state. As we view it, the petition to open up the probate proceedings is not a collateral attack upon the decree of the county court but is a direct attack, and we think that it was proper for the court to open up the formal decree and consider the claim of the state as opposed to the claim of the bank. A proceeding touching the final account

of an administrator is in the nature of a suit in equity: *Stewart v. Baxter,* 145 Or. 460, 479 (28 P. (2d) 642).

In probate proceedings an order of allowance or rejection of a claim is regarded as a judgment in an action for the recovery of money as in an action at law: *In re Stout's Estate,* 151 Or. 411, 417, 418 (50 P. (2d) 768, 101 A. L. R. 672); *Irvine v. Beck,* 62 Or. 593, 596 (125 P. 832).

It is a very common practice in suits in equity and in actions at law for a judgment to be set aside and for a hearing of the matter to be had.

No particular pleadings or forms are required in probate proceedings and that court has power to hear and determine all demands against the estate: §§ 11-101, 11-504, Oregon Code 1930; *Baker v. Moody,* 156 Or. 256 (67 P. (2d) 185); *Wilkes v. Cornelius,* 21 Or. 348 (28 P. 135); *In re Stout's Estate,* supra.

We now come to a consideration of the merits of the case. In the examination of the facts challenged by the exceptions to the allowance of the claim against the estate of the decedent, the court is limited to the specifications set forth in the objections interposed: § 11-705, Oregon Code 1930; *Roach's Estate,* 50 Or. 179, 190 (92 P. 118); *Irvine v. Beck,* supra.

Taking up the question of whether there was a contract, express or implied, for repayment of the amount paid by the bank to Joseph Anderson, deceased, we are confronted with the proposition that the law implies a promise to refund whenever one person receives money of another which, in equity and good conscience, he is not entitled to retain: *Smith v. Rubel,* 140 Or. 422, 426 (13 P. (2d) 1078, 87 A. L. R. 644).

It is plain and uncontroverted that Joseph Anderson obtained the payment of the sum of $2,500

upon different dates by means of false representations and deceit and that the bank paid the money in ignorance of the facts, of which they had no means of ascertaining the truth. Under such circumstances the bank is entitled to recover the money paid, with interest: *Scott v. Ford,* 45 Or. 531, 543, 547 (78 P. 742, 80 P. 899, 68 L. R. A. 469); same case, 52 Or. 288, 294 (97 P. 99); *Thorsen v. Hooper,* 57 Or. 75, 80 (109 P. 388); *Smith v. Rubel,* supra. Likewise where a donor has been induced through misrepresentation, fraud and deceit, exercised by the donee to make a gift, the donor may recover on the principle that no one shall be allowed to obtain any benefit arising from his own fraud or wrongful act: *Smith v. Rubel,* supra; 2 Kent's Com. star paging 440. In 28 C. J. 652, § 50, the law is stated thus:

"Freedom of will on the part of a donor is essential to the validity of a gift. Where the donor has been induced to make a gift through fraud, duress, or undue influence, the gift may be set aside * * *."

This statement is also found in 14 Am. & Eng. Enc. of Law (2d Ed.) 1011. In *Smith v. Rubel,* supra, an action for money had and received, it is stated by Mr. Justice Rossman, as shown at page 426 of the report:

"The generally accepted test which determines whether a recovery may be had is whether the defendant, in equity and good conscience, is entitled to retain the money to which plaintiff asserts claim." Citing authorities.

The claimant, the Bank of California National Association, was administrator of the estate of Joseph Anderson, deceased. Therefore it could not properly act upon its own claim, and it was submitted to the probate court for consideration. The claim, not having been denied by an administrator, differs from one that

has been denied by an administrator. The court, in passing upon the claim, acts in lieu of the administrator. ·

The facts in the case being practically admitted, we will pass any discussion of the testimony.

■ In addition to the implied promise to repay the donations made to Joseph Anderson by reason of the fraud, the trust agreement, whereby Anderson made provision for payment to the bank of all that remained, after certain expenditures for funeral, etc., indicates that it was the intention that Anderson should repay all the donations insofar as he was able. From the circumstances, as disclosed by the record in this case, the law and well-settled principles impose upon the recipient Anderson, or his representatives, an obligation to refund money which, in equity and good conscience, he is not entitled to retain. The law implies a promise to refund, irrespective of any actual promise.

The bank's claim to the savings account of $984.13 in its savings department, under the trust agreement, has been allowed by the court and that part of the decree has not been appealed from by the state treasurer. It is therefore not here involved.

■ Respondents' main contention is that the right of the bank to recover the money paid by reason of misrepresentation and fraud cannot be determined in a probate court. The question before the court is as to the right of the bank to have its claim, which was duly presented to the court, paid. If a similar question arose in a probate court, where the justness of a claim is involved, that court would have exclusive original jurisdiction in the first instance to determine the matter.

Respondents contend that it would be unsound to permit the bank to recoup in a probate proceeding on

the ground of fraud and deceit for the sum so advanced, since there was no agreement by Anderson to repay said sums. If, as contended by respondents, the bank was compelled to institute a suit to annul the donation, the donee, who perpetrated the deceit, being dead, his personal representative, the administrator, in this case the claimant, would necessarily be the defendant. The claimant, who was the administrator, could not well sue itself. We are unwilling to concede the claim that an independent suit in equity to set aside the donation on the ground of fraud and deceit, under the circumstances obtaining here, is tenable.

In the case of *Morgan's Estate*, 46 Or. 233, 236 (77 P. 608, 78 P. 1029), in an opinion written by the late Justice ROBERT S. BEAN, the proceedings in a probate court are discussed at length. It is there stated:

"While sitting in the transaction of probate business, the nature and jurisdiction of a county court must be sought in the general nature and jurisdiction of probate courts as they are known in the history of the English law and the jurisprudence of this country.

❊     ❊     ❊     ❊     ❊

"From the nature of the case, the method of procedure usually provided for probate courts is more nearly conformable to proceedings in equity than in law. Such courts, however, do not have either original equitable or common-law jurisdiction, and *in the disposition of the business before them they observe and apply legal and equitable rules, as the case may require and the statute provide.*" (Italics ours.)

In *Johnston v. Shofner*, 23 Or. 111, 118 (31 P. 254), Mr. Chief Justice LORD records the following language in regard to probate courts:

"While it is true that such courts have no original equity jurisdiction, yet in the conduct and disposition of business before them, they observe and apply legal or

equitable rules, as the case may be. The nature and extent of their jurisdiction depend upon the statute, and they possess no other or greater powers than so conferred.''

In *Roach's Estate*, 50 Or. 179, 190 (92 P. 118), it is said:

''The county court is not technically a court of equity, but the proceedings had therein, in the administration upon estates, are analogous to the practice in courts of chancery.   *   *   *''

In 1 Woerner on American Law of Administration (3d Ed.), § 149 star paging 340, we read as follows:

''It lies in the nature of these courts, that in the exercise of their jurisdiction they are not confined to legal principles or the rules of common-law courts, but exercise equitable powers as well. Whenever, within the scope of the statutory jurisdiction confided to them, the relief to be administered, the right to be enforced, or the defence to an action properly pending before them, involves the application of equitable principles, or a proceeding in accordance with the practice in chancery, their powers are commensurate with the necessity demanding their exercise, whether legal or equitable in their nature.''

The same writer, at star paging 341, states:

''The resemblance of probate courts to courts of chancery consists in their practice of proceeding by petition and answer, containing the substance, but not the nice distinctions, of a bill in equity.''

Respondents state: ''An enforcible agreement was not executed between the bank and Joseph Anderson,'' and cite 12 R. C. L. 953, to the effect that a gift is irrevocable as to the donor. Section 28 on that page shows there is an exception to the rule and recognizes such an exception where the gift was obtained by fraud.

*Pickslay v. Starr*, 149 N. Y. 432 (44 N. E. 163, 32 L. R. A. 703, 52 Am. St. Rep. 740), also cited by respond-

ents, is a different case from the one at hand and does not support the respondents' contention. *Woodbury v. Woodbury*, 141 Mass. 329 (5 N. E. 275, 55 Am. Rep. 479), is a case where an intestate, before her death, gave to the defendant certain sums of money, and the evidence tended to show that previous to and at the time of the gift the intestate was in a feeble mental condition, of advanced age, and that the defendant, who was not a relative of the intestate, was her physician, friend, adviser, judicial agent and managed her affairs and had considerable influence over her. It was held the evidence raised such a presumption of fact that, if believed by the jury, it would justify a finding that defendant, in some form, solicited the gift and used undue influence to obtain it.

█ The fact, that under certain circumstances a suit in equity might be maintained to recover a donation made by reason of fraud and misrepresentation, does not signify that such a matter, when presented in the probate court in order to determine the correctness of a claim, where both parties are present and have their day in court, cannot be adjudicated in that court. In the present case the probate business in Multnomah county is transacted by the circuit court.

*Davis v. Parsons*, 165 Cal. 70 (130 P. 1055), cited by defendant, was an action by a father for possession of policies of insurance assigned to him by his daughter as a gift. The evidence was held to warrant a finding that the assignment of the policies was not freely and voluntarily made.

In *Norris v. Norris*, 3 Ind. App. 500 (28 N. E. 1014), also cited by defendant, it was held that where the complaint prays for the cancellation of a note which

averred that the payee agreed to cancel the note and surrender it to the maker in consideration of his doing certain acts but did not aver that the maker performed certain acts, it is demurrable. These authorities cited do not support the respondents' case.

■ Respondents contend that the claim could not be allowed without competent satisfactory evidence other than the testimony of the claimant. The trial court held otherwise. Notwithstanding that the claim had not been disallowed by an administrator, the claim of the bank was proved by the testimony of two witnesses other than the claimant. The witnesses were employees of the bank and we think their testimony satisfies the rule as to corrobating testimony if the same should be deemed necessary; otherwise, it would be impossible in most cases for a corporation to prove a claim: *Mason, Ehrman & Co. v. Lewis Estate*, 131 Or. 242, 259, 260 (282 P. 772).

■■ It is urged by respondents that the act of the bank in paying a pension to a disabled ex-employee is ultra vires. The pension of $2,500 so paid enabled the donee to live without depleting his secret hoard of the same amount which the respondents now claim. Whether donations by a national bank to personal charities, or to the community chest or to committees for the relief of fire or other sufferers are ultra vires acts concerns only its stockholders and the government; it does not concern the respondents who were uninjured thereby: *National Bank of Genesee v. Whitney*, 103 U. S. 99 (26 L. Ed. 443, 444) ; *Kerfoot v. Farmers, etc. Bank*, 218 U. S. 281 (54 L. Ed. 1042, 31 S. Ct. 14).

■ In this proceeding the matter was presented by the bank's petition stating the facts and the issues were raised by objections made by the respondents. The

parties had ample opportunity to present their respective sides of the case. They had their day in court and the respondents should not now complain that the matter should be tried in a different court.

The decree of the circuit court sitting in probate will be reversed and that court will be directed to enter a decree approving the claim of the bank and approving the final account of the administrator. No costs will be allowed either party in this court.