## KERFOOT *v.* FARMERS' AND MERCHANTS' BANK.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 6.   Argued October 25, 1910.—Decided November 7, 1910.

In the absence of clear expression of legislative intention to the contrary, a conveyance of real estate to a corporation for a purpose not authorized by its charter is not void, but voidable.   The sovereign alone can object; the conveyance cannot be impugned by the grantor, his heirs or third parties.

Although the conveyance of real estate in this case to a national bank was not one permitted by § 5137, Rev. Stat., title to the property passed to the grantee for the purposes expressed in the conveyance and that instrument cannot be attacked as void by an heir of the grantor.

On writ of error to review the judgment of a state court holding that a deed to a national bank was not void under the Federal statute, this court will not review findings of the state court of fact as to the acceptance of the deed.

THE facts, which involve the validity of a transfer of real estate to a national bank, are stated in the opinion.

*Mr. Homer Hall* and *Mr. Frank Hall,* with whom *Mr. George Hall* was on the brief, for plaintiff in error:

The national banking act is an enabling act, and a national bank cannot exercise any powers except those expressly granted by that act or such incidental powers as are necessary to carry on the business of banking. *First Nat. Bank* v. *Converse,* 200 U. S. 425; *Central Transp. Co.* v. *Pullman Car Co.,* 139 U. S. 24; *California Nat. Bank* v. *Kennedy,* 167 U. S. 363; *First Nat. Bank* v. *Hawkins,* 174 U. S. 363; *Pacific R. R. Co.* v. *Seely,* 45 Missouri, 212.

The only power or authority for a national bank to

acquire or hold real estate is given by § 5137, Rev. Stat., under which it has no power or authority to accept or hold the real estate for the purpose for which it was attempted to be conveyed in this case. The effort to convey the real estate in question being beyond the powers given to the bank to accept and hold the same, the proceedings, therefore, were an absolute nullity; there was no acceptance of the deed by it, and no title vested in it. See cases *supra* and *Pittsburg & Cinn. Ry. Co.* v. *Keokuk & Hamilton Bridge Co.*, 131 U. S. 371; *Merchants' Nat. Bank* v. *Wehrmann*, 202 U. S. 295; *First Nat. Bank* v. *Am. Nat. Bank*, 173 Missouri, 153, 159; *Marble Co.* v. *Harvey*, 92 Tennessee, 115; *Steele* v. *Fraternal Tribunes*, 215 Illinois, 190; *Ellett-Kendall Shoe Co.* v. *Western Stone Co.*, 112 S. W. Rep. 4; *Anglo-Amer. Land Co.* v. *Lombard*, 132 Fed. Rep. 721, 737; *Brown* v. *Needles' Nat. Bank*, 94 Fed. Rep. 925; *Coleman* v. *San Rafael Road Co.*, 49 California, 517; *Pacific Ry. Co.* v. *Seely*, 45 Missouri, 212.

The making of the deed and sending it to the cashier of the defendant national bank being absolutely void, the same can be taken advantage of by any person whose interests are involved. *National Bank* v. *Matthews*, 98 U. S. 621; *Union Gold Mining Co.* v. *National Bank*, 96 U. S. 640, have no application to the facts in this case. These and the cases of *National Bank* v. *Whitney*, 103 U. S. 99; *Schuyler National Bank* v. *Gadsden*, 191 U. S. 451, and similar cases, relate to the taking of real estate security for loans made by national banks.

This is not a question as to the power of a national bank to loan money on real estate security. It involves an entirely different principle which is clearly distinguishable. *California Nat. Bank* v. *Kennedy*, 167 U. S. 363; *McCormick* v. *Market National Bank*, 165 U. S. 538.

Plaintiff in error is neither a third person in law nor a stranger to the transaction, but is a privy of the maker of the deed both in blood and in estate. *Stacy* v. *Thrasher*

6 How. (U. S.) 44; *Subway Co.* v. *St. Louis*, 145 Missouri, 551, 567.

The transaction being *ultra vires* and void for want of authority in the defendant national bank, and of its cashier, to accept the deed or title to the property, either party to the transaction can avail himself of this want of authority.

Plaintiff contends that said state court erred in deciding and holding that the cashier of the defendant bank had the authority to accept said deed from the original maker thereof.

If the cashier had authority to accept the deed for the bank, it was by his general authority in his ordinary business as cashier, otherwise no title vested in the bank and the transaction was a nullity. *United States* v. *City Bank of Columbia*, 21 How. 356, 366; *Bank of United States* v. *Dunn*, 6 Pet. 51; *Western Nat. Bank* v. *Armstrong*, 152 U. S. 346; *Norton* v. *Derby Nat. Bank*, 61 N. H. 589; *Bank of Commerce* v. *Hart*, 37 Nebraska, 197; *Bank of Healdsburg* v. *Bailhache*, 65 California, 329.

The fact that no loss resulted from this particular transaction affords no jurisdiction or excuse for the illegal and unauthorized act. There could be no end to the loss or injury that might result from such a precedent.

The accepting of this deed was not one of the incidental powers necessary to carry on the business of banking, nor was it accepted as a security for a past indebtedness or purchased under judgment in favor of the bank. Neither was it for the purpose of owning a banking house of its own for, as heretofore stated, the bank continued to pay rent as a tenant to the grantor, and the cashier and vice-president immediately after receiving the deed attempted to convey the property away.

There is no evidence that the defendant bank, its officers, except its vice president and cashier, or its board of directors ever knew of this attempted conveyance,

much less ratified the same. There could have been no ratification of the same. The act was unauthorized and beyond its powers, illegal and void, and was incapable of ratification. See cases *supra; Western Nat. Bank* v. *Armstrong*, 152 U. S. 346.

The attempted conveyance of the property by Kerfoot to the bank and the acceptance of the deed by the cashier of the bank being *ultra vires* no title to the property passed from Kerfoot or vested in the bank, because the bank not only did not, but could not accept, the deed or the title to the property. There was neither a delivery nor an acceptance of the deed. *Hall* v. *Hall*, 107 Missouri, 101; *Miller* v. *McCall*, 208 Missouri, 562, 580; *Armstrong* v. *Morrill*, 14 Wall. 120.

*Mr. T. J. Beall* for defendants in error:

This court will not review the findings of fact made in the state court as to consideration for the deed. *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86; *Quimby* v. *Boyd*, 128 U. S. 489.

If a corporation take land by grant which by its charter it cannot hold its title is good against third persons, and the State only can interfere. *National Bank* v. *Matthews*, 98 U. S. 621; *National Bank* v. *Whitney*, 103 U. S. 99; *Thompson* v. *St. Nicholas National Bank*, 146 U. S. 240; *De Fritts* v. *Parker*, 132 U. S. 282. See also *Smith* v. *Shelley*, 12 Wall. 358, 361; *Myers* v. *Croft*, 13 Wall. 295; *Fortier* v. *New Orleans Nat. Bank*, 112 U. S. 439; *Reynolds* v. *Crawfordsville National Bank*, 112 U. S. 405; *Scott* v. *DeWeese*, 181 U. S. 202.

The cases cited by plaintiff in error are inapplicable to the issues involved in this case, and are clearly differentiated in principle.

The original maker of the deed if living, could not question the power or authority of the bank to receive the deed made by him to it, nor the authority of the bank

to act thereunder, and plaintiff in error stands in no more favorable position in regard to this matter. *French* v. *Spencer*, 21 How. 97; *Broadwell* v. *Merritt*, 87 Missouri, 95; *Wherry* v. *Hale*, 77 Missouri, 20; *Insurance Co.* v. *Smith*, 117 Missouri, 261–289; *Weiss* v. *Heitkamp*, 127 Missouri, 23; *Henderson* v. *Henderson*, 13 Missouri, 107; *Reinhardt* v. *Lead Mining Co.*, 107 Missouri, 616; *Reynolds* v. *Bank*, 112 U. S. 495; *Bank* v. *Flathers*, 45 L. R. A. 75; *Bond* v. *Tennell Mfg. Co.*, 82 Texas, 310; Herman on Estoppel, § 573, p. 577; 1 Morse on Banking, 3d ed., § 75; Perry on Trusts, 4th ed., § 45; *Bob* v. *Bob*, 89 Missouri, 411; 7 Amer. & Eng. Ency. of Law, 29.

MR. JUSTICE HUGHES delivered the opinion of the court.

This action was brought in 1894, in the Circuit Court of Grundy County, State of Missouri, to set aside a deed of real property made by James H. Kerfoot to the First National Bank of Trenton, Missouri, and also a deed by which that bank purported to convey the same property to the defendants Hervey Kerfoot, Alwilda Kerfoot and Lester R. Kerfoot, and for the recovery of possession. The plaintiffs in the action, which was brought shortly after the death of James H. Kerfoot, were Homer Hall, administrator of his estate, and Robert Earl Kerfoot, his infant grandson, who claimed to be his only heir at law and sued by Homer Hall as next friend. The petition contained two counts, one in equity, the other in ejectment. Upon the trial the Circuit Court found the issues for defendants and the judgment in their favor was affirmed by the Supreme Court of Missouri. 145 Missouri, 418. On his coming of age Robert Earl Kerfoot sued out this writ of error.

The plaintiff in error challenges the conveyance made by James H. Kerfoot to the bank, upon the ground that under § 5137 of the Revised Statutes of the United States,

relating to national banks, the bank was without power to take the property, and hence that no title passed by the deed, but that it remained in the grantor and descended to the plaintiff in error as his heir at law. It appears that the deed, which was absolute in form, with warranty and expressing a substantial consideration, was executed in pursuance of an arrangement by which the title to the property was to be held in trust to be conveyed upon the direction of the grantor; and the Supreme Court of Missouri decided that a trust was in fact declared by the grantor in favor of Hervey, Alwilda and Lester R. Kerfoot, to whom ran a quitclaim deed, which he prepared and forwarded to the bank to be signed and acknowledged by it and then returned to him.

But while the purpose of this transaction was not one of those described in the statute for which a national bank may purchase and hold real estate, it does not follow that the deed was a nullity and that it failed to convey title to the property.

In the absence of a clear expression of legislative intention to the contrary, a conveyance of real estate to a corporation for a purpose not authorized by its charter, is not void, but voidable, and the sovereign alone can object. Neither the grantor nor his heirs nor third persons can impugn it upon the ground that the grantee has exceeded its powers. *Smith* v. *Sheeley*, 12 Wall. 358; *National Bank* v. *Matthews*, 98 U. S. 621; *National Bank* v. *Whitney*, 103 U. S. 99; *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405; *Fritts* v. *Palmer*, 132 U. S. 282; *Leazure* v. *Hillegas*, 7 Serg. & R. (Pa.) 313. Thus, although the statute by clear implication forbids a national bank from making a loan upon real estate, the security is not void and it cannot be successfully assailed by the debtor or by subsequent mortgagees because the bank was without authority to take it; and the disregard of the provisions of the act of Congress upon that subject only lays the bank open to proceedings

by the Government for exercising powers not conferred by law. *National Bank* v. *Matthews, supra; National Bank* v. *Whitney, supra; Swope* v. *Leffingwell,* 105 U. S. 3.

In *National Bank* v. *Matthews, supra,* viewing that case in this aspect, the court said:

"The opinion of the Supreme Court of Missouri assumes that the loan was made upon real-estate security within the meaning of the statute, and their judgment is founded upon that view. These things render it proper to consider the case in that aspect. But, conceding them to be as claimed, the consequence insisted upon by no means necessarily follows. The statute does not declare such a security void. It is silent upon the subject. If Congress so meant, it would have been easy to say so; and it is hardly to be believed that this would not have been done, instead of leaving the question to be settled by the uncertain result of litigation and judicial decision. Where usurious interest is contracted for, a forfeiture is prescribed and explicitly defined.

      \*    \*    \*    \*    \*    \*    \*    \*

"Where a corporation is incompetent by its charter to take a title to real estate, a conveyance to it is not void, but only voidable, and the sovereign alone can object. It is valid until assailed in a direct proceeding instituted for that purpose. *Leazure* v. *Hillegas,* 7 Serg. & R. (Pa.) 313; *Goundie* v. *Northampton Water Co.,* 7 Pa. St. 233; *Runyon* v. *Coster,* 14 Pet. 122; *The Banks* v. *Poitiaux,* 3 Rand. (Va.) 136; *McIndoe* v. *The City of St. Louis,* 10 Missouri, 575, 577. See also *Gold Mining Co.* v. *National Bank,* 96 U. S. 640."

This rule, while recognizing the authority of the Government to which the corporation is amenable, has the salutary effect of assuring the security of titles and of avoiding the injurious consequences which would otherwise result. In the present case a trust was declared and this trust should not be permitted to fail and the property

to be diverted from those for whom it was intended, by treating the conveyance to the bank as a nullity, in the absence of a clear statement of legislative intent that it should be so regarded.

The cases in this court, which are relied upon by the plaintiff in error, are not applicable to the facts here presented and are in no way inconsistent with the doctrine to which we have referred. *McCormick* v. *Market Bank*, 165 U. S. 538; *California Bank* v. *Kennedy*, 167 U. S. 362; *Concord First National Bank* v. *Hawkins*, 174 U. S. 364.

It was also urged by the plaintiff in error that the deed was not accepted by the bank, and was inoperative for that reason. The Supreme Court of Missouri held upon the evidence that it was accepted, and this court, on a question of that character, does not review the findings of fact which have been made in the state court. *Waters-Pierce Oil Co.* v. *State of Texas*, 212 U. S. 86; *Egan* v. *Hart*, 165 U. S. 188; *Clipper Mining Co.* v. *Eli Mining & Land Co.*, 194 U. S. 220.

Assuming that the deed was accepted by the bank, it was effective to pass the legal title, and the plaintiff in error as heir at law of the grantor cannot question it.

*Judgment affirmed.*