# GROO *v.* NORMAN & ROBINSON.

CORPORATIONS; REAL ESTATE; STATUTES; DEEDS.

1. A foreign corporation can be accorded no greater rights in respect to holding real estate in the District of Columbia than are enjoyed by domestic corporations, under sec. 605, D. C. Code (31 Stat. at L. 1284, chap. 854), providing that no corporation shall be organized to buy, sell, or deal in real estate, except corporations to carry on the business of real estate agents or brokers. (Citing *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493, 14 Ann. Cas. 1092.)

2. A statute limiting the purposes for which a corporation may acquire real estate will not be construed to render void a conveyance to the corporation for an unauthorized purpose, unless it appears in unmistakable terms that such was the legislative intent.

3. The title of a corporation to real estate held in excess of its powers is, if not declared void by statute, good until invalidated in a direct proceeding instituted by the sovereign power; and in the meantime the corporation may in good faith convey an indefeasible title.

No. 2655.   Submitted October 5, 1914.   Decided November 2, 1914.

HEARING on an appeal by the defendant from a judgment for the plaintiff in the Supreme Court of the District of Columbia, under the 73d rule, in an action to recover a commission alleged to be due plaintiff for negotiating an exchange of real estate between defendant and another.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for Norman & Robinson, the plaintiff, appellee here, under the 73d rule, in the supreme court of the District, in an action for the recovery of a commission alleged to be due the plaintiff for negotiating an exchange of certain real estate between Mahlon Groo, the defendant, and the Metropolitan Loan & Trust Company.

The affidavit of defendant seeks to avoid payment of this commission on the ground that the Loan & Trust Company is an Oklahoma corporation, chartered to buy and sell real estate, and that the real estate which it was to convey to the defendant was bought and held by it for the sole purpose of selling and dealing in real estate in this city. The affidavit further avers that under the law of this District this company never had any title to the real estate in question, and hence is unable to convey a good title to the defendant.

*Mr. W. C. Balderston* and *Mr. W. M. Lewin* for the appellant.

*Mr. Andrew Wilson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The appellant's contention is based upon sec. 605 of the District Code [31 Stat. at L. 1284, chap. 854], which permits the incorporation of persons desiring to form a company for the purpose of carrying on any enterprise or business which may be lawfully conducted by an individual, with certain exceptions, with a proviso that no corporation shall be organized "to buy,

sell, or deal in real estate, except corporations to transact the business ordinarily carried on by real estate agents or brokers." The language of this proviso is susceptible of but one interpretation, namely, that no domestic corporation is authorized to hold real estate except as an incident to its business. It clearly is not authorized to hold it for the purpose of selling or dealing in it. Congress having declared a public policy for this District, in this affirmative way, it goes without saying that a foreign corporation will not be accorded greater rights than are enjoyed by domestic corporations. *Metropolitan L. Ins. Co.* v. *Hawkins,* 31 App. D. C. 493, 498, 14 Ann. Cas. 1092; *Orient Ins. Co.* v. *Daggs,* 172 U. S. 557, 566, 43 L. ed. 552, 555, 19 Sup. Ct. Rep. 281; *Cable* v. *United States L. Ins. Co.* 191 U. S. 288, 307, 48 L. ed. 188, 193, 24 Sup. Ct. Rep. 74.

But it by no means follows, from what we have said, that the Loan & Trust Company may not convey a good title to the defendant. The statute in question does not declare a conveyance of real estate to a corporation for an unauthorized purpose void. If Congress had intended this result it would not have left the matter in doubt, but would have expressed its intent in unmistakable terms. *Union Nat. Bank* v. *Matthews,* 98 U. S. 621, 627, 25 L. ed. 188, 189.

*Kerfoot* v. *Farmers' & M. Bank,* 218 U. S. 281, 54 L. ed. 1042, 31 Sup. Ct. Rep. 14, involved a conveyance of real estate to a national bank, which was not permitted by the Federal statutes. It there was held that the title to the property passed to the grantee for the purposes expressed in the conveyance, and that the validity of the deed could not be challenged by an heir of the grantor. The court said: "In the absence of a clear expression of legislative intention to the contrary, a conveyance of real estate to a corporation for a purpose not authorized by its charter is not void, but voidable, and the sovereign alone can object. Neither the grantor nor his heirs, nor third persons, can impugn it upon the ground that the grantee has exceeded its powers."

It appearing that the Loan & Trust Company was authorized, under the law of Oklahoma, to hold real estate for some pur-

·poses, its title to the property in question is not void, not having been so declared by the law of this jurisdiction.　It·therefore may·not be impugned by the plaintiff.

' The modern rule, from which we have been unable to find any substantial departure, is that the title of a corporation to real estate held in excess of its powers is good until invalidated in a direct proceeding instituted by the sovereign, and that the corporation, in the meantime, may convey an indefeasible title to another.　In *Fayette Land Co.* v. *Louisville & N. R. Co.* 93 Va. 274, 24 S. E. 1016, the land company had purchased lands from the railroad company, but sought to avoid payment upon the ground that the railroad company had no power to acquire the lands, and consequently was without power to convey title thereto.　It was held that the deed under which the railroad company acquired the lands was merely voidable, and that, as no steps had been taken by the State of Virginia to revoke its title to the lands, its deed to the land company vested in it a good title.

In *Louisville School Board* v. *King,* 127 Ky. 824, 15 L.R.A. (N.S.) 379, 107 N. W. 247, it was ruled that although, under the statutes of that state, real estate held by a corporation not necessary to its business, for more than five years, is liable to escheat to the commonwealth, unless and until action is taken by the State to that end, the title remains in the corporation, and may be conveyed in good faith to a third person, who will take an indefeasible title to the lands.

*Abrams* v. *State,* 45 Wash. 327, 9 L.R.A.(N.S.) 186, 122 Am. St. Rep. 914, 88 Pac. 327, 13 Ann. Cas. 527, was an action brought by Abrams to recover and quiet title to a piece of real estate in the city of Seattle, which, twenty years previously, he had sold and conveyed to a woman by the name of Lou Graham, who had occupied the property until her death. It appeared that Lou Graham· was an alien, and that her brothers and sisters, also aliens, claimed title to the property as her only heirs at law.　Abrams claimed title upon the ground that his deed conveying the property was void, Lou Graham

being an alien. It was held that the deed from Abrams devested him of title to the property, and that at all times prior to the alienation of the property by Lou Graham, or, in the absence of that, prior to her death, the State was entitled, by proceedings in the nature of office found, to have declared a forfeiture or escheat; but that, not having done so, its right was lost upon her death, and the estate descended to her alien heirs. See also: *Hagerstown Mfg. Min. & Land Improv. Co.* v. *Keedy,* 91 Md. 430, 46 Atl. 965; *Farrington* v. *Putnam,* 90 Me. 405, 38 L.R.A. 339, 37 Atl. 652; Thomp. Corp. § 5797; 1 Beach, Priv. Corp. § 378; 10 Cyc. 1135. A different rule might result in great hardship, for if the sovereign could challenge the title of the grantee of a corporation it could challenge the title of his grantee, and so on. The question of the right of a corporation to hold real estate might be a close one, and a purchaser, in good faith, might accept a conveyance, relying in part upon the failure of the sovereign to challenge the title in the corporation, and later be compelled to defend a title which should have been challenged before. Of course, the conveyance from the corporation to its grantee must be made in good faith, and not constitute a fraudulent device to avoid the consequences of exceeding its powers. *Louisville School Bd.* v. *King,* 127 Ky. 846, 15 L.R.A.(N.S.) 379, 107 S. W. 247. Nor would a court lend its aid to a corporation to acquire lands in excess of its powers. *Case* v. *Kelly,* 133 U. S. 21, 33 L. ed. 513, 10 Sup. Ct. Rep. 216.

It follows, from what we have said, that the Loan & Trust Company may convey a good title to the defendant to the lands in question, and hence that his defense to the suit must fail. Judgment affirmed, with costs. *Affirmed.*

A petition for the writ of certiorari was denied by the Supreme Court of the United States, December 16, 1914.