ACQUIDNECK NATIONAL BANK v. URBANA WATER WORKS CO.

**Rights of National Bank with Reference to Reissue of Lost Certificate of Stock in Private Corporation.**

In an action by a national bank for reissue of a lost certificate of stock in a private corporation, acquired by the bank in exchange for dishonored bonds and presumably for its protection, the defendant company, being a stranger to the executed contract whereby the bank became possessed of the stock, can not interpose the defense that the holding of the stock by the bank was *ultra vires* under the federal law and a reissue of the certificate can not be required for that reason.

ERROR.

*L. D. Johnson* and *Buroker & Zimmer,* for plaintiff in error.
*J. E. Bowman,* for defendant in error.

## FERNEDING, J.

This action originated in the probate court of Champaign county upon the application of the Acquidneck National Bank to require the Water Works Co., of Urbana, Ohio, a corporation, to issue to it under authority of Sec. 8677 G. C., a new certificate of stock for 100 shares in said company in lieu of a certificate for a similar amount alleged to have been lost.

Section 8677 provides:

Acquidneck Nat. Bank v. Urbana Water Wks. Co.

"In case a certificate of stock in a corporation is lost or destroyed, the owner thereof may file his petition in the probate court of the county where the principle business office of such corporation is located in this state, setting forth a pertinent description of the certificate, and a full statement of the facts relating to its destruction or loss; that he is the owner of such certificate, and was at the time of its loss or destruction; that he had not assigned, transferred or disposed of it; and that it was not pledged to any one, or if so, stating to whom, with the facts relating thereto."

Counsel for the water works company contend the original acquisition of this stock by the bank was contrary to and in violation of the national banking laws and void; therefore a new certificate to substitute for the one lost could not legally issue.

The facts are not in controversy. The Acquidneck National Bank originally owned in the legitimate conduct of its business $5,000 Wabash Ry. bonds and $5,000 Seattle Ry. bonds. These bonds by reason of the non-payment of their coupon interest became dishonored. The bank in an effort to safeguard and protect its stockholders sold and exchanged these bonds for $5,000 of bonds of the Alton Illinois Water Works Co. and $10,000 taken at par of the common stock of the Urbana Water Works Co. evidenced by certificate number 25-A for 100 shares of the par value of $100 and paid in addition for the same the sum of $1,680 in cash. The water works company stock was issued to Charles T. Hopkins, as cashier of the Acquidneck National Bank, and accepted by the bank as its property. Hopkins subsequently died and the certificate of stock could not be found. His financial interest in the stock was official only and not personal.

The bank avers in its petition this stock was never subsequently assigned, transferred, hypothecated or sold after it was acquired, but was lost. The answer and the amended answer filed by the defendant enumerates several defenses.

*First.* A general denial.

*Second.* That the inhibition of the national banking laws as to a national bank owning stock in a private corporation was such as to make the action of the Acquidneck Bank in acquiring this stock *ultra vires* and void, and,

*Third.* That one Charles T. Robinson claimed to have some interest in said stock and was, and is, therefore a necessary party to the action.

The plaintiff's reply to these answers was a general denial. Upon these issues and the evidence the probate court, after a hearing, made an order as prayed for.

The court of common pleas upon proceedings in error reversed said order and rendered a final judgment in favor of the water works company and against the bank upon the theory the acquisition of this stock by the bank was *ultra vires* and utterly void. Error is now prosecuted to this court to reverse said judgment of the court of common pleas. We are favored and indebted to counsel in the consideration of this case for able and exhaustive briefs in which many of the leading authorities both of the federal and state courts are reviewed and analyzed. After eliminating the less important issues the point on which the entire case revolves, is, was the acquisition of the water works company stock by the National Bank under the peculiar circumstances of ownership absolutely void, and is such lost certificate by the bank capable of being restored to it by an order of the probate court under authority of the Ohio statute above quoted?

The Supreme Court of the United States, in the case of *First Nat. Bank of Charlotte* v. *Bank*, 92 U. S. 122, [23 L. Ed. 679], decided 1876, held a national bank.

"May accept stock in satisfaction of a doubtful debt, with a view to their subsequent sale or conversion into money in order to make good or reduce an anticipated loss.

"(2) Such transactions would not amount to dealing in stocks, and they come within the general scope of the powers committed to the board of directors and the officers and agents of a national bank. Subject to such restraints as its charter and by-laws impose, they may do in this behalf whatever natural persons can lawfully do."

Thirty years later, November, 1910, Mr. Justice Hughes in delivering the opinion of the United States Supreme Court in the case of *Kerfoot* v. *Bank*, 218 U. S., 281 [31 Sup. Ct. 14; 54 L. Ed. 1042], held:

"In the absence of clear expression of legislative intention to the contrary, a conveyance of real estate to a corporation

Acquidneck Nat. Bank v. Urbana Water Wks. Co.

for a purpose not authorized by its charter is not void, but voidable. The sovereign alone can object; the conveyance can not be impugned by the grantor, his heirs or third parties.''

The conveyance of real estate to the bank in this case was challenged upon the ground that under Sec. 5137 U. S. Rev. Stat., the bank was without power to take the property and no title in consequence passed by the deed.

Counsel for the water works company chiefly rely on the case of *California Sav. Bank* v. *Kennedy,* 167 U. S. 362 [17 Sup. Ct. 831; 42 L. Ed. 198].

''The statutes of the United States relating to the organization and powers of national banks prohibit such banks from purchasing or subscribing to the stock of another corporation, although they may, as incidental to the power to loan money on personal security, accept stock of another corporation as collateral, and thus become subject to liability as other stockholders.

''The want of such authority may be set up by a bank to defeat an attempt to enforce against it the liability of a stockholder.''

Also *Pullman's Palace Car Co.* v. *Central Transportation Co.,* 139 U. S. 62 [11 Sup. Ct. 489; 35 L. Ed. 69].

We think the California bank case and the Central Transportation Co. case can be readily distinguished from the case at bar.

*First.* Because in these cases the acts were claimed to be *ultra vires,* whereas in the case at bar the stock was taken as a substitute for the dishonored bonds which the bank had legally acquired and therefore presumably for the bank's protection.

*Second.* Because the actions in these two cases were based upon the illegal contracts and between the parties thereto; while in the case at bar the action is not upon the contract claimed to be illegal wherein the stock was acquired, nor as between the parties to such contract, but the defense is made by a stranger to the contract. The case of *Franklin Bank of Cincinnati* v. *Bank,* 36 Ohio St. 350 [38 Am. Rep. 594], also relied upon by defendant in error, is distinguishable upon the same grounds. We think the Acquidneck National Bank case here under consideration follows squarely within the rule laid down in the case of

*Ehrman* v. *Insurance Co.*, 35 Ohio St. 324. The syllabus is as follows:

"Where property which a corporation, under certain circumstances is authorized by its charter to acquire is purchased in a mode or for a purpose not authorized, the title of the corporation to the property can not be defeated by a party who is a stranger to the agreement by which the property was acquired, and who is not injured by the transfer."

While this is only a state case, yet it has been followed with approval in the case of *Armstrong* v. *Bank*, 133 U. S., 469 [10 Sup. Ct. 450; 33 L. Ed. 747], and is therefore applicable in a case involving a national bank. We are accordingly of the opinion this doctrine is directly applicable to the case at bar.

The most that can be claimed is that the Acquidneck National Bank in acquiring this water works stock acted irregularly, and that its action might be questioned by the Federal Government. The transaction, however, as between the interested parties has been fully excuted. The water works company which now seeks to take advantage of such irregularity, being an entire stranger to the contract claimed to be illegal, can not with propriety be heard to complain as being injured thereby. To hold otherwise would in effect permit a confiscation of the bank's property and not subserve any beneficial or justifiable end.

Judgment of the court of common pleas reversed and that of the probate court affirmed.

ALLREAD and KUNKLE, JJ., concur.

---

## ERROR—PARTIES—PLEADING

[Stark (5th) Circuit Court, February, 1903.]

Voorhees, Donahue and Winch, JJ.

Judge Winch of Eighth Circuit Sitting in Place of Judge McCarthy.

WILLIAM DANNEMILLER, ET AL. v. ANNIE ZIMMERMAN ET AL.

1. **Misjoinder Waived by not demurring Specially or Pleading It.**
   When a defendant files a general demurrer which is overruled, but does not demur on the special ground of misjoinder of parties defendant and files an answer which does not raise the question of misjoinder, it is thereby waived.