### 7140.   PERKINS *v.* FIRST NATIONAL BANK OF JEFFERSON.

1. Under the law existing at the time of this transaction a national bank was not prohibited from taking, in good faith, a mortgage on real estate, as security for debts previously contracted.
2. The answer alleged that the note sued on was a renewal note, and that the mortgage given to the bank by the maker of the note was executed to protect the plaintiff in error on past-due indebtedness of the maker to the bank, upon which the plaintiff in error was indorser. This did not violate any of the provisions of the national bank act.
3. It was error to strike the answer upon the ground that, the note and mortgage being given to renew and secure a past-due debt, the national bank was not authorized to take real estate as security.

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Hall county—Judge Wheeler. November 16, 1915.

*B. P. Gaillard Jr., C. G. Reynolds,* for plaintiff in error.

*J. S. Ayers,* contra.

HODGES, J. The bank sued the maker and indorser on a promissory note, and the indorser filed an answer, in substance as follows: That he signed the note as accommodation indorser for the maker, and the maker executed and delivered to the bank a mortgage on real estate; that she executed and delivered it to the bank for the purpose of relieving him from liability on his indorsement of the note sued on, and that the bank accepted it as such; that at the time the maker owed the bank other notes; that she did not know the exact amount of the notes on which he was indorser; that she left the amount blank in the papers, requesting that the bank insert the dates and amounts of the notes on which he was security, and to this the bank agreed. The answer set forth certain alleged acts on the part of the bank, which it was

contended discharged the indorser, and which need not be recited here. Nor is it necessary to set out certain proposed amendments. On general demurrer the court ruled that the answer "set up no legal defense, for the reason that national banks at the date of the note in suit, as organized under the national bank act, were unauthorized to take real estate as security;" and the court struck the answer and directed a verdict for the bank.

1. At the time of this transaction the national bank act, by implication, prohibited the taking of a mortgage or deed to secure a debt for future advances or loans on real estate. The statutory provisions which bear upon the subject are as follows: Every national banking association is authorized "to exercise by its board of directors or duly authorized officers or agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt; by receiving deposits; by buying and selling exchange, coin and bullion; *by loaning money on personal security* [italics ours]; and by obtaining, issuing, and circulating notes according to the provisions of this title." Rev. Stat. § 5136. Section 5137 is as follows: "A national banking association may purchase, hold and convey real estate for the following purposes, and for no others: First. Such as shall be necessary for its immediate accommodation in the transaction of its business. Second. *Such as shall be mortgaged to it in good faith by way of security for debts previously contracted.* Third. Such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its dealings." R. S. 999. It will be observed from reading section 5136 that the prohibition of lending money on real estate arises by implication out of the words, "by loaning money on personal security." This unquestionably applies to loans in presenti and loans to be made in futuro in the nature of advances, but it can not be true that this prohibits a national bank from taking a bill of sale to personalty to secure a past-due indebtedness. So the only question that has arisen of serious import in the construction of section 5136 is with reference to a national bank lending money in presenti or in futuro upon real estate. Mr. Justice Swayne, delivering the opinion in the case of Union National Bank of St. Louis *v.* Matthews, 98 U. S. 621 (25 L. ed. 188), said: "Sec-

tion 5136 does not in terms prohibit a loan on real estate, but the implication to that effect is clear. What is so implied is as effectual as if it were expressed." In that case it was ruled that the court did not err in enforcing collection of a loan of money made by a national bank on the security of a mortgage, and that objection to the taking of such a mortgage could be made only by the United States. Again it was held, in the case of Fortier *v.* New Orleans National Bank, 112 U. S. 439 (5 Sup. Ct. 234, 28 L. ed. 764), that collection of money loaned by a national bank on the security of a mortgage may be enforced, and that objection to its taking such a mortgage for future advances can be made only by the United States. In that case the decisions in National Bank *v.* Matthews, supra, and National Bank *v.* Whitney, 103 U. S. 99 (26 L. ed. 443), are affirmed. In Kerfoot *v.* Farmers & Merchants Bank, 218 U. S. 281 (31 Sup. Ct. 14, 54 L. ed. 1042), it was held that the United States alone can object to the want of authority of a national bank, under section 5137 of the Revised Statutes, to accept a conveyance of real property to be held in trust. It seems that it matters not whether the mortgage was taken as security for a loan about to be made or as security for advances; it is not void. The parties can not raise the point. The borrower is estopped and will not be heard, and this is equally true of the bank. "There is nothing in the argument on behalf of the appellants that the bank was not authorized to make a loan with the stock of another bank pledged as collateral security. That is an ordinary mode of loaning, and there is nothing in the letter or spirit of the national banking act that prohibits it. But if there were, the lender could not set up its own violation of law to escape the responsibility resulting from its illegal action." Germania Nat. Bank *v.* Case, 99 U. S. 628 (25 L. ed. 450). It appears, from the authorities quoted, that only the United States can raise the point that the national banking act has been violated, so far as the sections cited supra are concerned.

2. Reading the original answer carefully, we are of the opinion that the pleader alleged that the mortgage was given to the bank at the time of the making of the renewal note, to protect the indorser on his liability on a past-due note to the bank. By the terms of section 5137, supra, real estate may be mortgaged to a national bank in good faith, by way of security for debts previously

contracted; and such would not be a violation of the law, but would be in the nature of an effort to pay a debt.

3. For the reasons stated above, we are of the opinion that the court erred in striking the original answer, upon the ground set forth in its judgment.

4. The other assignments of error are not passed upon, inasmuch as there will be another trial, with the right to amend.

*Judgment reversed.*