## HAUSSMANN et al. v. COLONIAL TRUST CO. et al.

District Court, S. D. New York.

March 2, 1938.

Hoffman & Hoffman, of New York City (I. Gainsburg, Samuel Gottlieb, and Chas. D. Hoffman, all of New York City, of counsel), for plaintiff.

Curtis, Mallet-Prevost, Colt & Mosle, of New York City, for defendant.

COXE, District Judge.

The plaintiffs advance two theories upon which they say the complaint in this action may be sustained as against the defendant C–D, Inc., namely: (1) That a cause of action is stated for malicious interference with contractual rights; and (2) that a cause of action is stated for knowingly causing an impairment of the

lien of the mortgage. I do not think that either theory is tenable.

The first theory is based on a long line of cases which hold that it is actionable for a third party intentionally to induce a breach of a contract. Posner Co. v. Jackson, 223 N.Y. 325, 119 N.E. 573; Lamb v. Cheney & Son, 227 N.Y. 418, 125 N.E. 817; Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 84 A.L.R. 1. Aside from the defects in the pleading in failing to allege the essential requisites of such an action, there appears to be an insuperable obstacle in that it does not appear that any contract rights were interfered with. The complaint alleges that the trust indenture contained a covenant on the part of the mortgagor that it would not permit any lease, "to the lien of which this indenture is subordinate," to be amended or canceled without the consent of the trustee. The Dobbs lease, although antedating the indenture, is specifically alleged to have been "second and subordinate" to future mortgages on the premises. The covenant plainly applied only to leases which were superior to the indenture, not to those which were subordinate. It does not appear, therefore, that the covenant was breached, and, obviously, there can be no liability for inducing a breach which did not take place.

The second theory is based on the case of Bank of Manhattan Trust Co. v. 571 Park Ave., 263 N.Y. 57, 188 N.E. 156. In that case, the mortgage contained the usual clause assigning future rents to the mortgagees. Before any default, the mortgagor agreed with a tenant to accept a reduction of an indebtedness of the mortgagor to the tenant in lieu of rent. The question involved was whether a receiver in foreclosure was entitled to the rents accruing during the receivership regardless of the agreement between the mortgagor and the tenant. The court held that the receiver was so entitled, declaring that a contract to forego rent or an assignment of rent was an impairment of the lien of the mortgage. There is certainly no analogy between the facts of that case and the present one. Here, the mortgagor was in possession with full power to manage the properties until default and continuance of default after notice. Moreover, a mortgagee out of possession is only a lienor, and not entitled to the rents until he has taken some steps to assert his rights. Sullivan v. Rosson, 223 N.Y. 217, 119 N.E. 405, 4 A.L.R. 1400; Dulberg v. Zankel, 2 Cir., 67 F.2d 534; Prudential Ins. Co. v. Liberdar Holding Corp., 2 Cir., 74 F.2d 50. I think, therefore, that the mortgagor while in possession was at liberty not only to collect the rents but to make necessary adjustments with the tenants, provided it acted without fraud or collusion. See Prudence Co. v. 160 W. 73d St. Corp., 260 N.Y. 205, 183 N.E. 365, 86 A.L.R. 361. There are no allegations of any fraud or collusion on the part of the defendant C–D, Inc.

The complaint contains a number of inaccuracies, which I have assumed were inadvertent, and have for that reason disregarded.

The motion of the defendant C–D, Inc., to dismiss for insufficiency is granted.