PERTH AMBOY NATIONAL BANK, a banking corporation, organized under the laws of the United States of America, Plaintiff,

v.

Irving BRODSKY, Bernard H. Kayden, Herbert J. Kayden, and Henry Smith, Defendants.

United States District Court
S. D. New York.
June 30, 1960.

Peckerman, Fisher, Gleiberman & Ezrine, New York City, for plaintiff; David Fisher, Fred I. Sonnenfeld, New York City, of counsel.

Goldwater & Flynn, New York City, for defendants; Monroe Goldwater, Bernard Katz, New York City, of counsel.

DIMOCK, District Judge.

Defendants move under Rule 12 (b) (6) F.R.Civ.P. to dismiss the complaint on the ground that it fails to state a claim on which relief can be granted. The action is one by plaintiff bank to set aside an unexpired lease which it made. The basis of the plea for setting aside the lease is the allegation that its execution was ultra vires. Defendants assume for the purposes of the motion that plaintiff is correct in its claim that the making of the lease was ultra vires but they raise the point that the bank has no standing to maintain the action. In other words they say, even if the lease was ultra vires, the bank cannot raise the question.

The complaint alleges that the lease transaction violated all of the following provisions of law:

Section 29 of title 12 U.S.Code, Act of June 3, 1864, c. 106, sec. 28, 13 Stat. 99, as amended Feb. 25, 1927, c. 191, sec. 3,

44 Stat. 1227, which so far as relevant, reads as follows:

"A national banking association may purchase, hold, and convey real estate for the following purposes, and for no others:

"First. Such as shall be necessary for its accommodation in the transaction of its business."

Section 371d of title 12 U.S.Code, Act of Dec. 23, 1913, c. 6, sec. 24A, 38 Stat. 251, as added June 16, 1933, c. 89, sec. 14, 48 Stat. 184, and amended June 30, 1954, c. 434, sec. 2, 68 Stat. 358, which reads as follows:

"No national bank, without the approval of the Comptroller of the Currency, and no State member bank, without the approval of the Board of Governors of the Federal Reserve System, shall (1) invest in bank premises, or in the stock, bonds, debentures, or other such obligations of any corporation holding the premises of such bank, or (2) make loans to or upon the security of the stock of any such corporation, if the aggregate of all such investments and loans, together with the amount of any indebtedness incurred by any such corporation which is an affiliate of the bank, as defined in section 221a of this title, will exceed the amount of the capital stock of such bank."

Section 82 of title 12 U.S.Code, Act of June 3, 1864, c. 106, sec. 36, 13 Stat. 99, as amended Sept. 9, 1959, P.L. 86–251, sec. 2, 73 Stat. 488, which so far as relevant reads as follows:

"No national banking association shall at any time be indebted, or in any way liable, to an amount exceeding the amount of its capital stock at such time actually paid in and remaining undiminished by losses or otherwise * * *."

Defendants attempt to distinguish cases which have held that a national bank can take advantage of the fact that an act which it has done was ultra vires. They say that that conclusion results only where the irregularity consists in a violation of a prohibition and that here the bank has done no more than exceed its granted powers. They cite McCormick v. Market Nat. Bank, 165 U.S. 538, 17 S.Ct. 433, 41 L.Ed. 817, where the Supreme Court emphasized the fact that the act in question was one which was prohibited.

Certainly, if the bank has violated sections 371d and 82 above quoted it has violated a prohibition. It might be said that section 29 did no more than enumerate the powers of a national bank so that in transgressing it the bank did no more than exceed granted powers. It would be enough to satisfy the alleged rule, however, for plaintiff bank to show that there was a violation of the prohibition contained in one of the other two sections. I take defendants' concession to be that there was a violation of all three sections since they are at pains to try to demonstrate that each contains a mere limitation of authority rather than a prohibition.

If, therefore, it is necessary that there shall have been a violation of a prohibition to justify a bank's rescission of an ultra vires act, we have such a violation here.

■ The effect of ultra vires on an act of a national bank is governed by federal law, not the law of the state where the act takes place. City of Yonkers v. Downey, 309 U.S. 590, 60 S.Ct. 796, 84 L.Ed. 964.

The decision in Houston v. Drake, 9 Cir., 97 F.2d 863, is authority for assertion of a claim such as this by a national bank. There the court allowed rescission of the unexecuted portion of a lease the making of which was ultra vires. Incidentally the lease was held ultra vires because of violation of section 29 which does not so clearly forbid failure to comply with it as do sections 371d and 82.

In Brown v. Schleier, 8 Cir., 118 F. 981, 988, affirmed 194 U.S. 18, 24 S.Ct. 558, 48 L.Ed. 857, the court denied relief to a national bank from a transaction which was evidently rendered ultra vires by failure to comply with section

29 but there the transaction was an executed one. No case has been cited where a national bank has obtained relief from a transaction on the ground of ultra vires except where and to the extent that the transaction remained unexecuted. As was said in Noel Estate, Inc. v. Commercial Nat. Bank in Shreveport, 5 Cir., 232 F.2d 483, 485, "In the absence of a statute imposing any penalty or forfeiture applicable to the particular transaction, *and as to executed contracts*, the Supreme Court has repeatedly held that the United States alone can object to the want of authority of a national bank." Emphasis supplied.

■ A lease, insofar as unexpired, is executory. See McCormick v. Market Nat. Bank, 165 U.S. 538, 17 S.Ct. 433, 41 L.Ed. 817, supra.

Cases where a third party seeks to take advantage of the fact that an act of a national bank is ultra vires are not apposite. See, for example, Kerfoot v. Farmers' & Merchants' Bank, 218 U.S. 281, 31 S.Ct. 14, 54 L.Ed. 1042; Langham's Estate v. American Nat. Bank, 5 Cir., 165 F.2d 968; Thompson v. St. Nicholas Nat. Bank, 146 U.S. 240, 13 S. Ct. 66, 36 L.Ed. 956.

The motion to dismiss the complaint for failure to state a claim on which relief can be granted is denied.

■ Defendants move also for summary judgment dismissing the action because of failure to join as defendants the holders of two mortgages on the leased premises.

■ In the absence of a present right to the rents from a lease of the mortgaged premises the mortgagee has no interest in the lease. A mortgagor in possession may deal with the lease as he wishes short of fraud or collusion. Haussmann v. Colonial Trust Co., D.C.S.D.N.Y., 23 F.Supp. 213. It is true that the District Court in Brodsky v. Perth Amboy National Bank, D.C.D.N.J., 156 F.Supp. 316, said that all co-tenants and mortgagees were necessary parties to a suit such as this but the Court of Appeals, 3 Cir., 259 F.2d 705, went no further than to hold that the co-tenants were necessary parties.

The mortgagees, having no interest in the lease, need not be joined.

The motion to dismiss the action for failure to join indispensable parties is denied.

So ordered.