Peter E. WINEGAR, on behalf of himself and all others similarly situated, Plaintiff,

v.

FIRST NATIONAL BANK OF MERRITT ISLAND et al., Defendants.

Civ. No. 66–196.

United States District Court
M. D. Florida,
Orlando Division.

April 14, 1967.

Seymour J. Ronald, Cocoa, Fla., for plaintiff.

Raymond, Wilson, Karl & Conway, Merritt Island, Fla., for defendants.

## ORDER

GEORGE C. YOUNG, District Judge.

This cause came on for hearing pursuant to due notice on the motion of the defendant, First National Bank of Merritt Island, for a final order of dismissal on the ground that the questions raised by the second amended complaint are now moot, and on the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure of the plaintiff to comply with Rule 23.1 of the Federal Rules of Civil Procedure.

Although the plaintiff filed a second amended complaint subsequent to the defendant's motion to dismiss, the second amended complaint and the amended complaint to which the motion to dismiss is specifically directed, are substantially the same for purposes of the motion to dismiss, and therefore, the Court will rule on the motion to dismiss as if it had been

directed to the second amended complaint.

The plaintiff is a stockholder of the defendant bank suing on behalf of himself and all others similarly situated. The second amended complaint alleges that the defendant bank is engaging in an ultra vires activity, specifically that it owns stock in the Credit Bureau of Brevard County, Inc., a matter allegedly outside the powers of the corporate bank.

The defendant argues that the cause of action asserted herein, if any, belongs directly to the corporation and only derivatively to this plaintiff. If this argument is accepted, it follows that the complaint should be dismissed for failure of the plaintiff to comply with the requirements of Rule 23.1, Federal Rules of Civil Procedure. The Court, however, need not reach the question of whether the cause of action is direct or derivative in nature, for in either event this Court is without jurisdiction. In a class action, brought in a federal district court, whether derivative or not, if no federal question is raised, jurisdiction must be based upon diversity of citizenship. Although the entire class is not considered for purposes of determining the existence of diversity jurisdiction, there must be diversity between the representative of the class and the defendant. See Haymes v. Columbia Pictures Corp., 16 F.R.D. 118 (S.D.N.Y.1954); Supreme Tribe of Ben Hur v. Cauble, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673 (1921).

The second amended complaint shows on its face that the plaintiff representing himself and other stockholders similarly situated, and the defendant bank are both residents of the State of Florida. This Court therefore, is without diversity jurisdiction over the subject matter of this cause.

If this Court has jurisdiction to pass on the merits of the claim, it must be because the plaintiff has raised a federal question. The second amended complaint asserts that a federal question exists under the National Banking Act, specifically Section 24, Title 12, U.S.C. Section 24, sets forth the corporate powers of a national bank. The plaintiff maintains that this Court must necessarily pass on the applicability of this statute in determining whether or not the defendant, National Bank of Merritt Island, is engaged in an activity beyond the scope of the powers granted it by the statute. Since the federal statute represents the criterion by which the merits of the controversy are to be resolved, the plaintiff contends a federal question has been raised and this Court has jurisdiction.

It is true that Section 24, is the guide in determining whether or not the particular act here alleged is ultra vires. However, that statute cannot be the basis for a cause of action against a national bank by a private litigant. Noel Estate Inc. v. Commercial National Bank in Shreveport, 232 F.2d 483 (5th Cir. 1956); Blaney v. Florida National Bank at Orlando, 357 F.2d 27 (5th Cir. 1966).

In the *Noel* case the Court stated, supra at 483–485:

* * * The sole ground asserted for federal jurisdiction is that the matter in controversy arises under the laws of the United States. 28 U.S.C.A. § 1331. Specifically, the claim is that, under 12 U.S.C.A. § 24, subd. 7,[2] the New Bank lacked the corporate power to purchase the shares of stock of Continental for its own account.

In the absence of a statute imposing any penalty or forfeiture applicable to the particular transaction, and as to executed contracts, the Supreme Court has repeatedly held that the United States alone can object to the want of authority of a national bank. Thompson v. Saint Nicholas Nat. Bank, 146 U.S. 240, 251, 13 S.Ct. 66, 36 L.Ed. 956. 'A private person cannot, directly or indirectly, usurp this function of the government.' National Bank v. Mathews, 98 U.S. 621, 629, 25 L.Ed. 188. As said by Mr. Justice Hughes in Kerfoot v. Farmers' & Merchants' Bank, 218 U.S. 281, 287, 31 S.Ct. 14, 15, 54 L.Ed. 1042: 'This rule, while

recognizing the authority of the government to which the corporation is amenable, has the salutary effect of assuring the security of titles and of avoiding the injurious consequences which would otherwise result.'

\* \* \* We find nothing, however, in any of the amendments indicating an intention to depart from the principle of those cases, or to make such transactions subject to attack by persons other than the Government. We agree with the district court that the claim under the federal statute is 'wholly insubstantial and frivolous' and cannot support federal jurisdiction. Bell v. Hood, 327 U.S. 678, 682, 683, 66 S.Ct. 773, 90 L.Ed. 939.

This Court fails to see any distinction between *Noel* and the case at bar. It is, therefore, the opinion of this Court that no federal question has been raised by the complaint, and although this Court, of course, has jurisdiction to determine initially whether or not a federal question has been raised, in accordance with the conclusion that no federal question has been raised by the complaint herein, this Court is without jurisdiction over the subject matter. This ruling is in no way intended as a ruling on the merits of the controversy involved.

The plaintiff seeks only to enjoin the allegedly ultra vires activity on the part of the bank. The defendant's motion for a final order of dismissal is based upon the affidavit of the President of the defendant bank stating that the defendant bank, subsequent to the date this suit was filed, has completely divested itself of its holdings in the stock of the Credit Bureau of Brevard County, Inc. The defendant maintains that the action should now be dismissed as moot. The plaintiff argues that the complaint should not be dismissed on this ground until the Court has been satisfied that the sale of stock by the defendant bank represented a bona fide sale. That question, however, is rendered moot by virtue of the ruling that this Court is without jurisdiction in this cause. Therefore, it is, upon consideration,

Ordered and adjudged that the motion of the defendant, First National Bank of Merritt Island, to dismiss the complaint for lack of jurisdiction be and is hereby granted and this cause is dismissed; it is further

Ordered and adjudged that the motion of the defendant, First National Bank of Merritt Island, to dismiss the complaint for failure of the plaintiff to comply with Rule 23.1 of the Federal Rules of Civil Procedure is hereby moot and need not be ruled upon; it is further

Ordered and adjudged that the motion of the defendant, First National Bank of Merritt Island, for a final order of dismissal is hereby moot and need not be ruled upon.