Dorothy Jo **HILL**, Administratrix of the Estate of James C. Hill, Deceased, Plaintiff-Appellant,

v.

Lewis **MORRISON** and Dorothy Morrison, his Wife, Defendants-Respondents.

No. 8764.

Springfield Court of Appeals.

Missouri.

Jan. 2, 1969.

Robert B. Baker, Ellington, for plaintiff-appellant.

William H. Bruce, Jr., Ellington, for defendants-respondents.

STONE, Judge.

In this action in forcible entry and unlawful detainer [Chapter 534, RSMo 1959, V.A.M.S.] instituted in the Magistrate Court of Reynolds County by plaintiff Dorothy Jo Hill, administratrix of the estate of James C. Hill, against defendants Lewis Morrison and Dorothy Morrison, his wife, plaintiff sought (a) possession of an irregular two-acre tract with the "dwelling house and other small buildings" thereon in or near Ellington, Missouri, (b) damages of $500, and (c) rents and profits at $35 per month. Upon appeal, the circuit judge took the case under advisement at the conclusion of the court-tried hearing and, in due time, entered a final judgment of dismissal. Plaintiff appeals.

The complaint of plaintiff administratrix alleged that on December 21, 1964, "she was lawfully possessed" of the described realty and that defendants "forcibly entered into possession of said premises and forcibly detain the possession thereof." *Defendant Dorothy Morrison,* called to the witness stand by plaintiff's counsel, frankly stated that she and her husband had "cleaned" the house on the two-acre tract about December 21, 1964, and had "moved in" on December 23, which was shortly after "we bought [the two-acre tract] at the sheriff's [foreclosure] sale at the courthouse steps." When defendants

moved into the house, "the door was open," no one was living there, and there was nothing in the house except a small gas heater which was replaced by defendants.

The testimony of *plaintiff administratrix* was exceedingly meager and lean. The only inquiry concerning her possession of the two-acre tract or the house thereon, as fashioned in the language of her counsel, was *"in the course of your administration,* did you have possession of the house which [defendants] now live in," which, after objection made and overruled, was answered in this wise, "yes, and Mr. Baker [plaintiff's attorney] was acting as my agent." (All emphasis herein is ours.) Plaintiff administratrix then stated that she had never given defendants permission to take possession, and that the house on the two-acre tract had been "rented prior to the time [defendants] entered it" at $35 per month. We note in passing that there was no showing as to the date of death of the intestate, James C. Hill, or as to when, by whom or to whom the house previously had been rented. However, it was established affirmatively upon trial, and subsequently confirmed by plaintiff's counsel at the time of submission on appeal, that the Probate Court of Reynolds County, in which the estate of said intestate was being administered and by which plaintiff's letters of administration had been granted, had never directed or authorized plaintiff administratrix to take possession of the two-acre tract or the house thereon.

■ Plaintiff administratrix here relies upon the established doctrine that forcible entry and unlawful detainer does not involve title to land but is a possessory action and, *if in fact a plaintiff is in peaceful possession,* it is immaterial whether such party had title or even rightful possession. Ball v. Kemp, Mo., 419 S.W.2d 55, 57–58(2); Lindsay v. McLaughlin, Mo.App., 311 S.W.2d 148, 152(6); Steinke v. Leicht, Mo.App., 235 S.W.2d 115, 123(9–11); Kimes v. Conran, Mo.App., 9 S.W.2d 549, 551(1). But the stated principle neither reaches nor rules the basic and determinative question here as to whether instant plaintiff administratrix was in fact in peaceful possession of the two-acre tract when defendants entered thereon.

■ In considering this question, it must be borne in mind that Dorothy Jo Hill instituted and seeks to maintain this action in her official capacity as administratrix, that the only evidence offered in support of her claim of possession was her affirmative response to the inquiry as to whether she had possession "in the course of your administration," and that admittedly the probate court had not directed or authorized her as administratrix to take possession of the two-acre tract or the house thereon. It is clear that title to an intestate's real property vests directly in his heirs [Seilert v. McAnally, 223 Mo. 505, 515, 122 S.W. 1064, 1066(2); Lanphere v. Affeld, Mo., 99 S.W.2d 36, 40(12); De Hatre v. Ruenpohl, 341 Mo. 749, 751, 108 S.W.2d 357, 358(2)]; and it is still true [Clapper v. Chandler, Mo.App., 406 S.W.2d 114, 120(6)], as it always has been in Missouri, that an administrator may not take possession of or control the real estate of the decedent—in fact "is an entire stranger" thereto [Thorp v. Miller, 137 Mo. 231, 239, 38 S.W. 929, 931] and "has nothing whatever to do with it" [Hall v. Farmers' & Merchants' Bank, 145 Mo. 418, 424, 46 S.W. 1000, 1002, affirmed 218 U.S. 281, 31 S.Ct. 14, 54 L.Ed. 1042]—unless and until authorized and directed so to do by lawful order of the probate court. Trenton Motor Co. v. Watkins, Mo.App., 291 S.W.2d 659, 663(3); Wocet v. Seacat, Mo.App., 212 S.W.2d 449, 451(1); In re Bartels' Estate, 238 Mo.App. 715, 719, 187 S.W.2d 348, 350(4). See In re Jackson's Will, Mo.App., 291 S.W.2d 214, 223(19); In re Beauchamp's Estate, Mo.App., 184 S.W.2d 729, 733(2). Hence, "[a]*ctions for the possession of real estate of the decedent cannot be maintained by the executor or administrator except where such action is made necessary by order of the probate court directing the executor or ad-*

*ministrator to take charge of the real estate.* Hall v. Farmers' & Merchants' Bank, 145 Mo. 418, 46 S.W. 1000." Trenton Motor Co. v. Watkins, supra, 291 S.W.2d at 663(3).

It necessarily follows (a) that any right to possession of the two-acre tract as against instant defendants was vested solely in the heirs of James C. Hill, deceased, and could not be asserted by Dorothy Jo Hill in her capacity as administratrix [Wocet v. Seacat, supra, 212 S.W.2d at 451(3)], (b) that whatever possession, *if any*, she may have had at or prior to defendants' entry was in her individual capacity and not as administratrix [cf. In re Jackson's Will, supra, 291 S.W.2d at 223–224(20)], and (c) that, since plaintiff administratrix thus in fact was not in peaceful possession, she had no standing to maintain this possessory action and it properly was dismissed by the trial court. The foregoing being dispositive of the appeal, it becomes unnecessary for us to discuss and rule other issues raised in the briefs.

The judgment of the circuit court is affirmed.

HOGAN, P. J., and TITUS, J., concur.